# Biddle and Wife *versus* The Hestonville, Mantua & Fairmount Passenger Railway Co.

A street railway company, in ejecting a trespasser from a car, owe him such care as to avoid endangering his life and limb. It is therefore such negligence as will render the company liable for damages, for their driver to compel a child to jump from the platform of a car in motion, even though he be a trespasser.

April 9th, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 3, of *Philadelphia county :* Of January Term, 1886, No. 132.

This was an action of trespass on the case brought by Francis F. Biddle and Martha Biddle, parents of Clarence Biddle, to recover damages for the death of their son through the alleged negligence of the defendants.

Plea, not guilty.

On the trial before LUDLOW, P. J., the following facts appeared :

Clarence Biddle, about twelve years old, son of the plaintiffs, the boy who was killed, was, with two other boys, in Fairmount Park. They came to defendant's car, which was a one-horse car, and was standing at the foot of George's Hill; the driver was inside the car, a boy by the name of Solnack was on the front platform holding the reins. Young Biddle asked this boy, Solnack, permission to get upon the car. He replied : "I can't let you on; I don't own the car;" and then added, "Well, jump on." The boys jumped on. The car had gone but a short distance when the driver came to the door of it and finding the boys on the platform ordered them off. The boys did not get off, and a little further on he came out again, and finding they had disregarded his order, he again ordered them off. He came out a third time, and said in a threatening manner, "You boys get off of here!" The boy that was driving said to the smallest boy, the one that was killed : "Wait, Clarence, I will stop for you;" and he immediately began to tighten the brake, but the driver rushed at him, shoved him away from the brake, and just as he (Clarence) was going off, backward, the speed of the car increased with a jerk, as the brake was released, and flew round; and he was thrown under the wheels—crushed, and died, the speed of the car being such that both wheels passed over the centre of his body before it stopped. The driver did not ask the boy for fare.

After the plaintiffs had closed their testimony, on motion of the defendant, the court granted a nonsuit. The plaintiffs moved the court to take this off, which the court in *banc* refused to do.

Judgment of nonsuit was therefore entered, whereupon the plaintiffs took this writ, assigning for error the action of the court in refusing to take off the nonsuit.

*Richard P. White* (*George H. Earle, Jr.*, and *P. F. Devers* with him), for plaintiffs in error.

1. In Creed v. R. R., 86 Pa., 146, Mr. Justice GORDON says : "It was certainly correct to say 'that if a person not connected with the company travels by a passenger train, presumably he is traveling as a passenger, and for a consideration;" in other words he is presumed to have paid his fare, or to be ready to pay it when called upon. To presume otherwise would be to presume such an one was a trespasser; but this is an affirmative proposition, the proof of which rests upon the one alleging it."

See also Company v. Brook, 7 P. F. S., 339. And it was further held that where such presumption exists, "it is sufficient to carry the case to a jury, although rebutted:" Company v. Weirs, 87 Pa. St., 447; Company v. Miller, Id. 395; Company v. Schultz, 93 Pa. St., 341.

2. Even if the lad was a trespasser he was entitled to be protected against unnecessary injury on the part of those exercising the right of removing him, and there is no justification for doing it so recklessly or carelessly as to imperil his life and cause the loss of a limb: Lynch v. Morden, 1 Ad. & El., N. S. 29; see also Clark v. Chambers, 3 Q. B., 327; see also Radley v. R. R. Co., 1 App. C., 754.

Our exact case was presented to the Supreme Court of Massachusetts in Lovett v. Company, 9 Allen, 557. To the same effect see Wilton v. Railway Company, 125 Mass., 131; Lane v. Works, 107 Mass., 104; Lane v. Works, 111 Mass., 136; Wilton v. Company, 107 Mass., 108; Brennan v. Railway Co., 45 Conn., 284; Hoffman v. R. R., 87 N. Y., 25; Rounds v. Company, 64 N. Y., 129; Company v. Nix, 68 Georgia, 583; Company v. Garrett, 8 Lea, 438; Gallena v. R. R., 13 Fed. R., 116; Meeks v. Company, 56 Cal., 513, and Kline v. Company, 37 Cal., 401.

Finally, in our own state, your honors have time and time again ruled, that the mere leaving of trespassing children on the platforms of street-cars, with knowledge that they are there, makes the company that destroys them liable : Company v. Caldwell, 74 Pa. St., 421; Company v. Donahue, 70 Pa. St., 119; Rauch v. Lloyd, 31 Pa. St., 358; Company v. Hassard,

76 Pa. St., 367; Company v. Toomey, 91 Pa. St., 256; Trout-man v. R. R. Co., 11 W. N. C., 453; Van Kirk v. Company, 76 Pa. St., 66; Company v. Lewis, 79 Pa. St., 33; Company v. Orr, 83 Pa. St., 332; Hestonville v. Gray, 3 W. N. C., 422; Company v. Boudron, 11 Norris, 475.

Remembering that this was a wrong of commission against a mere child, whose danger was fully known, we only ask the same protection that the merciful law has thrown around a dog (Vere v. Lord, 11 East, 568), where Lord ELLENBOROUGH, C. J., says: " The question is whether the plaintiff's dog incurred the penalty of death for running after a hare in another's ground? And, if there be any precedent of that sort, which outrages all reason and sense, it is of no authority to govern other cases.") A hog, Kerwhacker v. Company, 3 Ohio, 172. An ass, Davies v. Mann, 10 M. & W., 545. And an oyster, Mayor v. Brook, 7 Q. B., 339.

*Samuel Gustine Thompson*, for defendant in error.
1. Clarence Biddle was a trespasser and the defendant owed him no duty: Hestonville Railway Co. v. Connell, 7 Norris, 522; Moore v. R. R. Co., 11 W. N. C., 311; R. R. v. Hummell, 8 Wr., 115; Clanly v. R. R., 14 Norris, 399; Duff v. R. R., 10 Norris, 458; Flower v. R. R., 19 P. F. S., 40.

Mr. Justice GORDON delivered the opinion of the court, May 3d, 1886.
That the defendant's driver, or conductor, was grossly negligent in compelling a child of twelve years of age to jump, and that backwards, from the platform of a moving car, no one can well deny. Even the boy Solnack knew better than that, and did what he could to prevent the accident. To discuss, therefore, evidence which throughout shows a reckless carelessness of which no man of ordinary discretion ought to have been guilty, would be to no purpose; hence, we may regard the case as fully disposed of when we have made a brief statement of the law which ought to have governed the court below. It was a mistake to hold that because the child was a trespasser it could therefore be ejected in a manner which endangered its life or limbs. In the case of the Pennsylvania Company v. Toomey, we held, per Mr. Justice MERCUR, that such a disposition of a trespassing adult could not be allowed, and that ordinary care must be used to avoid injury even to a trespasser is fully established by the cases of the Pennsylvania Railroad Co. v. Lewis, 29 P. F. S., 33, the Hydraulic Works Co. v. Orr, 2 Norris, 332, and the Philadelphia & Reading Railroad Co. v. Hummell, 8 Wr., 375. Moreover, we have two cases which, in point, rule the contention in hand; they are

[Meckel's Appeal.]

the Pittsburgh, Allegheny & Manchester Passenger Railway Co. v. Caldwell, 24 P. F. S., 421, and the same company v. Donahue, 20 Id., 119.    In the first case a child had been permitted by the driver to ride upon the front platform, from which, without his knowledge, it attempted to leave the car whilst in motion, and was injured ; in the second the child was pushed or knocked from the platform by the driver, and in each case the company was held liable for the resulting injuries.    Both children here mentioned were trespassers, for although, in the first case, the child was on the car by invitation of the driver, yet as he had no authority to give such invitation, according to the case of Duff v. The Allegheny Railroad Co., 10 Norris, 458, it was but a trespasser.    It is very true, as was held in the Hestonville Passenger Railway Co. v. Connell, 7 Norris, 522, and the Philadelphia & Reading Railroad Co. v. Hummell, extra precautions are not required in anticipation of the intrusions of trespassers, even though they be children, but when they do so intrude and are known to be in an improper place, they must not be so wholly neglected as to endanger their lives or limbs.    Any other doctrine would so illy accord with Christian civilization as to render its maintenance impossible.    It follows from what we have said that the court below, instead of ordering a peremptory nonsuit, ought to have sent the case to the jury.

The judgment is reversed and a new *venire* ordered.