# Pollack *v.* Pennsylvania Railroad Company, Appellant (No. 1).

210     631
f221    ²466

*Negligence—Railroads—Trespassers—Infants—Frightening child—Question for jury.*

In an action by a boy nine years old against a railroad company to recover damages for personal injuries, the case is for the jury where the evidence tends to show that the plaintiff was a trespasser on a moving freight car, that the car was moving at such a rate of speed as to make it dangerous for him to attempt to get off, that while plaintiff was clinging to the brake wheel two brakemen caused the boy to jump or fall from the car by threatening motions, loud calls, and the flourishing of a switch club, and as a result the boy was injured.

In such a case the defendant cannot be held liable, unless it clearly appears from the testimony, that the employees in causing the child to jump or fall from the moving car, have failed to exercise the reasonable and ordinary care which the instincts of humanity and rules of law require in dealing with a child of tender years.

Argued Jan. 13, 1905.   Appeal, No. 208, Jan. T., 1904, by defendant, from judgment of C. P. No. 5, Philadephia Co., June T., 1903, No. 2505, on verdict for plaintiff in case of Stephen Pollack v. Pennsylvania Railroad Company.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before DAVIS, J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,250. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John Hampton Barnes*, for appellant.

*George Demming*, for appellee.

OPINION BY MR. JUSTICE ELKIN, February 20, 1905 :

Joseph Pollack, the plaintiff, a minor, nine years of age, was seriously injured by slipping or falling from a box car in a freight train belonging to defendant company, under the following circumstances :

The defendant has its tracks laid on Delaware avenue in the city of Philadelphia. On the evening of June 27, 1903, a number of box freight cars were standing upon defendant's tracks on said avenue. Joseph Pollack, with four other boys, on the afternoon of that day climbed on the top of these cars and was playing on and about them. Just a few moments before the injury to the plaintiff occurred the employees of the defendant company were engaged in coupling the cars, making them up into a freight train. An engine of the defendant moved back toward these cars for the purpose of being connected therewith and hauling the train a short distance away. All of the boys except Joseph saw the engine moving toward the cars and got off without being injured. Joseph did not see the engine until it was coupled to the cars and the train had commenced to move away. The boy at this time, being on top of one of the box cars, in order to protect himself was holding fast to the brake wheel or beam at the end of the car, waiting, as he testified, for the train to stop so that he could get off in safety. A brakeman who was standing on the ground at the side of the train while it was moving saw the boy and called aloud twice, saying, " Get out of there." At about the same time another brakeman on top of the moving cars, walking toward the place where the boy was clinging to the brake wheel, called aloud, " Get off there." According to the tes-

timony of the plaintiff the brakeman on top of the car had a "switch club" in his hand, "and wanted to fire it at me." The boy then became frightened, and in attempting to climb down the steps of the ladder at the end of the car, slipped and fell on the track, was run over by the train and suffered severe injuries for which he seeks to recover damages in this action.

Although the boy was a trespasser, and might have been ejected from the train in a manner which would not endanger his life or injure his body, yet the principle announced in Enright v. Railroad Co., 198 Pa. 166, rules this case, and justified the court below in submitting the question to the jury to determine whether under all the circumstances the defendant was guilty of negligence. In that case it was held that a child of tender years, who while trespassing on a freight train, is frightened by the shouts and threatening action of a brakeman while in the discharge of his duties, so that he jumps from the train while it is in rapid motion, and is injured, may recover damages from the railroad company for the injuries sustained.

In the case at bar, the child being of tender years, and in a perilous position, it was the duty of the brakemen to use the care that reasonable and prudent persons would exercise under the circumstances in attempting to cause him to alight from the moving train. The boy was not injured by reason of the dangerous position in which he had placed himself on top of the cars, but because of the negligent act of the brakemen in causing him to get off while the train was in motion. If the brakemen had not frightened the boy by their calls of "get off," and by raising the "switch club" in a threatening manner, the boy would have remained in safety clinging to the brake wheel until the train stopped but a short distance away, when he could have gotten off the cars without injury. We do not agree with the learned counsel for the appellant that this case can be distinguished in principle from Enright v. Railroad Co., supra. This case is on all fours with that one, except the train was moving at a less rate of speed. The train, however, was moving at such rate of speed as to make it dangerous for the boy to attempt to get off. This is evidenced by the fact that when he did make the attempt, after being frightened by the brakemen, he was run over by the train and received the injuries about which he complains. It is true the

634 POLLACK *v.* RAILROAD CO., Appellant (NO. 1).

boy was a trespasser, and the defendant cannot be charged with any responsibility for accidents which might ordinarily occur to him, nor was it bound to insure his safety in the dangerous position in which he had placed himself. The defendant cannot be held liable in damages in the case at bar unless it clearly appears that its employees, the two brakemen, in causing the boy to jump or fall from the moving car by threatening manner, loud calls and the flourishing of a switch club, have failed to exercise that prudence and ordinary care which the instincts of humanity and rules of law require in dealing with a child of tender years.

The learned trial judge submitted the facts to the jury to determine whether the boy did fall or jump from a moving train because of the action or threatening manner and loud calls of the brakemen. Under the authority of our cases there was no error in so doing.

Assignments of error overruled and judgment affirmed.