## Pollack, Appellant, *v.* Pennsylvania Railroad Company (No. 2).

*Negligence—Railroads—Parent and child—Contributory negligence of parent.*

Where a father takes his son, nine years old, to a locality where freight cars are being shifted, and there leaves him unattended and unprotected, and the boy is injured while trespassing on the cars, the father is guilty of such contributory negligence as will preclude him from recovering for loss of services of the child, and the expenses attendant on the injury.

Argued Jan. 13, 1905. Appeal, No. 237, Jan. T., 1904 by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., June T., 1903, No. 2505, on verdict for defendant in case of Stephen Pollack v. Pennsylvania Railroad Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass by a father to recover damages for injuries to child of tender age. Before DAVIS, J.

The facts appear by the opinion of the Supreme Court, and

by the report of Pollack v. Pennsylvania Railroad (No. 1) supra.

*Error assigned* was in giving binding instructions for defendant.

*George Demming,* for appellant, cited: Enright v. R. R. Co., 204 Pa. 543; Philadelphia & R. R. Co. v. Long., 75 Pa. 257; Del Rossi v. Cooney, 208 Pa. 233.

*John Hampton Barnes,* for appellee, cited: Glassey v. Hestonville, etc., Pass. Ry. Co., 57 Pa. 172; Cauley v. Pittsburg, etc., Ry. Co., 95 Pa. 398.

OPINION BY MR. JUSTICE ELKIN, February 20, 1905:

The appellant in this case is the father of a nine year old boy who sustained injuries as stated in the case just heard and decided at No. 208, January Term, 1904. The court below instructed the jury that under the evidence in the case, the father had by his negligent act precluded himself from the recovery of damages, and directed the jury to return a verdict in favor of the defendant. The trial judge in the charge to the jury, inter alia, said: "The father on this occasion took this boy from his house after supper around to the very locality in which this dangerous spot was, and the law says that a parent who permits a child of tender years to run at large without a protector in a city traversed constantly by cars and other vehicles, fails in the performance of his duty, and is guilty of such negligence as precludes him from recovery for the injury resulting therefrom, so that whilst you must have testimony to justify it you may find a verdict for the boy; the father, by taking the boy to the dangerous place and leaving him there unprotected, precluded himself from the recovery of any damages, and as to the father I charge you that your verdict must be for the defendant." We see no error in this statement of fact and law. The father was guilty of such contributory negligence as to bring the case within the rule stated in Glassey v. Hestonville, etc., Railway Co., 57 Pa. 172, wherein Mr. Justice STRONG said: "A father has no right to expose his child to such dangers, and if he does he fails in performance of his duty and is guilty of negligence. The security of the community, and

especially of children, demands the assertion of this doctrine." This rule has been frequently recognized in other cases, and certainly applies to the one at bar.

Assignment of error overruled and judgment affirmed.