# Stephanik v. Baltimore & Ohio Railroad Company, Appellant.

*Negligence—Railroads—Employees—Scope of duty — Ejecting person from engine—Rules of company.*

1. Where a child, not a trespasser, is upon an engine of a railroad company, there is a duty resting upon the engineer or fireman in putting him off to see that he is not ejected in such a manner as to imperil his life or limb, and this duty is no less imperative because the child is held as a prisoner in the cab, in consequence of an unauthorized act of an employee of defendant company.

2. Plaintiff's child, a boy nine years of age, while playing near a train of cars of defendant company, was seized by the brakeman upon suspicion of having taken coal from the cars and imprisoned in the cab of the engine. A rule of the company forbade any person to be allowed in the cab except the employees of defendant company. A few minutes later the engineer or fireman frightened the child into jumping from the engine, and in doing so he fell in front of a moving locomotive on an adjoining track and was killed. *Held,* the act of the engineer or fireman in frightening the child from the cab was within the scope of his employment, and a verdict and judgment in favor of the plaintiff was sustained.

Argued October 23, 1913. Appeal, No. 99, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., May Term, 1911, No. 225, on verdict for plaintiff in the case of Rosie Stephanik v. Baltimore & Ohio Rail-

road Company.   Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for the death of plaintiff's minor child.   Before BROWN, J.

Verdict and judgment for plaintiff for $3,000.00.   Defendant appealed.

The opinion of the Supreme Court states the case.

*Errors assigned* were in refusing binding instructions for the defendant and in refusing to enter judgment n. o. v.

*Allen T. C. Gordon,* with him *William Watson Smith,* of *Gordon & Smith,* for appellant.

*Rody P. Marshall,* with him *Meredith R. Marshall,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 5, 1914:

On the morning of March 19, 1910, a number of boys got on a coal train of the defendant company, standing on one of its tracks in the City of Pittsburgh, and threw coal from the cars, which they intended to gather up and take away.   A brakeman chased these boys from the cars up over a hill, and motioned to the son of the appellee, who was about twelve years of age, to come to him.   It does not appear that this boy had been on the cars or had participated in any way in taking coal from them.   As he approached the brakeman the latter seized him, and having dragged him to the engine at the head of the train, lifted him up into the cab, where the engineer or fireman took charge of him.   The brakeman said to a bystander that he intended to take the boy to Connellsville.   A few moments later the engineer or fireman frightened the little fellow into jumping from the engine, and in doing so he fell in front of a moving locomotive on the adjoining track and was instantly

killed.  This action by his widowed mother is for the recovery of damages for his death, which she charges to the negligence of one of the employees of the defendant company.

Appellant's plea to avoid responsibility for the death of appellee's son is that the brakeman acted without the scope of his employment in seizing the boy and dragging him to the engine, and that the same is true of the engineer or fireman in detaining him there for a few moments and then frightening him off.  Whether the brakeman exceeded his authority as an employee of the defendant in grabbing the boy and placing him on the engine is not a material question, and we need not pass upon the correctness of the ruling of the court below that in so doing he was not acting within the scope of his authority, for the boy was not injured by anything that was done in seizing him, dragging him to the engine and putting him on it.  Nor was he injured by anything that the engineer or fireman did in detaining him there.  He was on the engine against his will, and was in no sense a trespasser; but, suppose he had been, there was a duty resting upon the engineer or fireman in putting him off to see that he was not ejected in such a manner as to imperil his life or limb, and surely that duty was no less imperative because he was held as a prisoner in the cab of the engine, even though his imprisonment there was, as counsel for appellant contend, an unauthorized act of an employee of the defendant.  The boy was upon the engine, and one of the rules of the company, which it offered in evidence on the trial of the case, forbade his being there.  That same rule provided that the engineer would be held responsible for failure to enforce it.  It is, therefore, idle to say that the engineer or fireman by his side was not acting within the scope of duty to the appellant when he undertook to remove the boy from the engine.  With the situation thus clarified, the cases upon which learned counsel for appellant rely are utterly without application.  The

narrow question in this case is, Was the evidence suffi-cient for a finding that the engineer or fireman had acted negligently in frightening the boy from the engine? If he had so acted, his negligence, in an act performed in the line of duty, was the negligence of the employer. How can it be questioned that the evidence justified the finding of negligence? The terrified boy, barely twelve years of age, was, according to the contention of the appellant, unlawfully upon one of its engines, for its rules forbade his presence there, no matter how he got there, and, if he was unlawfully there, it was the duty of the engineer or fireman to lawfully—that is, without negligence—put him off. But what was done by the engineer or fireman in performing that duty? Answer to this is found in the following words taken from appellant's history of the case: "This little boy, while innocently standing on the tracks of the railroad company, was captured by a brakeman and carried forcibly against his will to an engine of a freight train where he was handed over to the custody of the engineer or fireman who, after playing with him for some time, frightened him into jumping off the engine directly in the path of another engine passing at that moment on the adjoining track, so that he was run over and killed." The engineer or fireman knew that a train of cars was likely to pass at any time on the adjoining track, and, if he had but glanced along it as he was frightening the boy from the engine, he would have seen the approaching locomotive which an instant later struck and killed the lad. Enright v. Pittsburgh Junction Railroad Company, 198 Pa. 166, and Pollack v. Pennsylvania Railroad Company, 210 Pa. 634, are conclusive of the right of the appellee to recover, and the court below correctly so held.

Judgment affirmed.