## Trevethan v. Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Infant trespasser—Duty of trainmen—Case for jury.*

1. There is no obligation resting on the employees of a railroad company in charge of a train to search for infant trespassers before starting the train from a station, but they are under a duty not to start a train when they actually see that an infant trespasser is in a place of danger.

2. In an action against a railroad company to recover damages for personal injuries the case is for the jury and a verdict for the plaintiff will be sustained where it appears that the plaintiff, a child five years of age, was sitting on the steps of one of the cars of defendant's train just before it left the station, and was injured by falling under the wheels as the train started. The testimony of one witness was sufficient to sustain the finding that before putting the train in motion the conductor saw the plaintiff sitting on the steps of the car.

Argued Jan. 5, 1914. Appeal, No. 117, Jan. T., 1913, by defendant, from judgment of Superior Court affirming judgment of C. P. No. 1, Philadelphia Co., June T., 1908, No. 3536, on verdict for plaintiff in case of John Trevethan, by his father and next friend William Trevethan v. Philadelphia & Reading Railway Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for personal injuries.

Appeal from Superior Court.

The facts are stated in the opinion of the Supreme Court, and in 53 Pa. Superior Ct. 238.

A verdict was recovered for the plaintiff for $1,000. Defendant's motion for judgment for defendant n. o. v. was overruled. On appeal to the Superior Court the judgment was affirmed. Defendant appealed.

*Error assigned* was the judgment of the Superior Court.

*Wm. Clarke Mason,* for appellant.

*Herman L. Hecht,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 11, 1914:

On June 26, 1907, John Trevethan, then five years of age, was thrown from the lower step of a car attached to a passenger train of the defendant company; one of his legs was cut off and he was otherwise injured. He recovered a verdict of $1,000, upon which judgment was entered. The Superior Court affirmed the judgment and the defendant appealed to this court. There are two assignments of error, (1) That the Superior Court erred in affirming the judgment of the trial court; (2) That the Superior Court erred in refusing to enter judgment in favor of the defendant.

The appellant states this as the question involved: "Where a railroad passenger train, after having received and discharged all passengers, is about to depart from a station, is it the duty of the trainmen to ascertain whether there are infant trespassers on the steps of the cars and remove them before starting the train?"

It is clear from the record that the case was submitted to the jury by the trial judge and affirmed by the Superior Court on a wrong theory of law. While, on ac-

count of his extreme youth, possibly the plaintiff was not a trespasser in the full legal sense of the term, nevertheless, he was in that category to the extent that the defendant was under no obligation to search or look particularly to see whether or not he was upon the steps of the car before starting its train. But the trial court assumed the law to the contrary, and charged the jury that if the train was started with the boy on the step of the car, and he "could have been seen by the conductor, and either seeing him or not, if he did not make the proper observation by looking before he started the train, the verdict should be for the plaintiff"; he further told the jury, "If you believe the child was sitting on the step, and that the conductor could have seen him if he had looked," the verdict should be for the plaintiff; moreover, in the opinion entering judgment the court below expressly says that the case was left to the jury upon the issue as to whether the conductor "could have seen" the plaintiff on the step of the car before he started the train, and in affirming the judgment the Superior Court seems to have accepted this view of the law. All of this was error,—the issue was not whether those in charge of starting the train "could have seen" the boy, but whether they in fact did see him. We have read the testimony, and find no evidence reasonably to support a finding that, prior to the accident, the lad had indicated by his actions any intention of climbing upon the defendant's cars; hence, there was no duty on the trainmen to anticipate his presence there. Of course, had the conductor or any other employee in charge of starting the train actually seen the child upon the steps, it would have been his duty to remove him, and a failure so to do would have been negligence; but that was the full measure of duty under the evidence at bar. Therefore, the question involved put by the appellant must be negatived as a proposition of law; but since the instructions of the trial judge were not assigned for error in the Superior Court and the sole question raised before

that tribunal concerned the sufficiency of the evidence to sustain a verdict for the plaintiff, the question stated by the defendant does not present the determining point in the case. On the record before us, the only question is,—Was there any evidence which if believed would support a finding that the train was started with knowledge on the part of the defendant's employees that the plaintiff was in a place of danger? As to this, when the proofs are taken as a whole, the case is a close one on its facts; but the testimony of at least one witness would sustain a finding that before putting the train in motion, the conductor did in point of fact actually see the plaintiff sitting on the step of the car. This item of proof was enough to take the case to the jury, and for that reason the assignments of error must be overruled; accordingly, the judgment is affirmed.