## McGinnis *v.* Peoples Brothers, Appellants.

*Negligence—Respondeat superior — Infant trespasser — Moving vehicle—Instructions—Court and jury.*

1. In an action to recover damages for personal injuries to a six year old child, who was injured while playing with other boys upon a wagon driven by defendants' employee, which it was alleged was started without giving them an opportunity to alight, where it appeared that the plaintiff climbed upon the wagon without the consent of the defendants or their driver, it was error not to affirm a point presented by defendants to the effect that if the boy climbed upon the wagon without the consent of the defendants or their driver, he was a trespasser regardless of his age.

2. In such case it was error for the court to refuse to charge at the request of defendants that if the boy was a trespasser there could be no recovery against the defendant unless the jury found from the evidence that they or their driver wantonly or intentionally inflicted the injury complained of.

Argued March 30, 1915. Appeal, No. 79, Jan. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1911, No. 3002, on verdict for plaintiff in case of William C. McGinnis, by His Father and Next Friend, James H. McGinnis, and James H. McGinnis in His Own Right, v. Robert I. Peoples, David Peoples and Andrew P. Peoples, Copartners, Trading as Peoples Brothers. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BARRATT, J.

From the record it appeared that the infant plaintiff,

who was six years and ten months old, sustained a fracture of both bones of his right leg while playing upon a wagon belonging to the defendants and driven by one of their employees.  The plaintiff, with other children, was playing upon the wagon while it was standing still, in the absence of the driver.  When the driver returned and was getting upon his seat he ordered the boys off, but before they were given an opportunity to get down from the wagon it started and gave a jerk, throwing out two of the younger boys, one of whom was the plaintiff, to the cartway, where the rear wheel of the wagon passed over his leg.

The defendants at the close of the trial filed certain points for charge, which with the answers of the court thereto, were as follows:

1. "If you believe from the evidence that these defendants owned this stone wagon, which was driven by their employee, and that, while the wagon, with the horses harnessed thereto, was on a public highway .of this city, this boy, one of the plaintiffs, climbed upon the wagon without the consent of the defendants or their driver, then I charge you that he was a trespasser, regardless of his  age.

Answer: "The first point is declined.  While technically a person is a trespasser when he is in a place where he has no legal right to be, the fact that this boy had no right to be on this wagon is not conclusive of his rights in this case.  If he was injured through negligence of the defendants, he may recover; if he was injured, but not through any fault of the driver, then neither he nor his father may recover.   (1)"

3. "If this boy was in fact a trespasser, then neither he nor his father can recover unless you find from the evidence that the defendants or their driver wantonly or intentionally inflicted this injury, or acted in such a malicious manner that the injury resulted.

4. "If you find from the evidence that this boy was where he had no right to be on the property of the de-

fendants, which they were using in a proper manner for a proper purpose, in the conduct of their business, and that the driver of the wagon did not intentionally or wantonly injure the boy, then your verdict should be for the defendant.

Answer: "The third and fourth points are also declined. (4-5.)"

Verdict for plaintiff, William C. McGinnis, for $3,500, and as to the claim of the father, James H. McGinnis, the jury rendered a verdict for defendant.

*Errors assigned,* among others, were (1, 4, 5) in refusing defendant's points for charge.

*William Potter Davis, Jr.,* for appellants, cited: Gillespie v. McGowan, 100 Pa. 144; Leithold v. Philadelphia & Reading Ry. Co., 47 Pa. Superior Ct. 137; Thompson v. Balto. & Ohio R. R. Co., 218 Pa. 444; Schleich v. Balto. & Ohio R. R. Co., 245 Pa. 184; Trevethan v. Philadelphia & Reading Ry. Co., 244 Pa. 414.

*John J. McDevitt, Jr.,* with him *Samuel G. Stem,* for appellees, cited: Trevethan v. Philadelphia & Reading Ry. Co., 244 Pa. 414; Geltzer v. Philadelphia Rapid Transit Co., 54 Pa. Superior Ct. 592; Piepke v. Philadelphia & Reading Ry. Co., 242 Pa. 321; O'Leary v. Pitts. & Lake Erie R. R. Co., 248 Pa. 4; Counizzarri v. Philadelphia & Reading Ry. Co. 248 Pa. 474; Brennan v. Merchant & Co., 205 Pa. 258; Hyman v. Tilton, 208 Pa. 641.

OPINION BY MR. JUSTICE MESTREZAT, May 3, 1915:

The learned trial judge erred in refusing the defendants' first point for charge, the subject of the second assignment of error. He was requested to charge that if the boy climbed upon the wagon without the consent of the defendants or their driver, he was a trespasser, regardless of his age. The plaintiff admits that the boy in

VOL. CCXLIX—22

climbing on the defendants' wagon was a trespasser, which is unquestionably true, and the jury should have been so instructed.

We are also compelled to sustain the fourth and fifth assignments which allege error in the court declining to charge that if the boy was a trespasser there could be no recovery against the defendants unless the jury found from the evidence that they or their driver wantonly or intentionally inflicted the injury complained of. This is the established doctrine in this State, as settled by all our cases. In Gillespie v. McGowan, 100 Pa. 144, a suit to recover damages for the death of a child, we said (p. 150) : "It is settled by abundant authority that to enable a trespasser to recover for an injury he must do more than show negligence. It must appear there was a wanton or intentional injury inflicted on him by the owner. The same rule has been recognized and announced in more than one of our very recent cases.

It is claimed on the part of the plaintiff that the driver saw the child on the truck, yelled to him and the other children to get off, and then started his horses without giving him sufficient time to alight. He was thrown under the wheels of the wagon and severely injured. From the charge, it appears the learned judge thought the plaintiff's testimony, if believed, showed that the boys, including the plaintiff, were on the wagon, were all ordered to get off, and that an opportunity was not given the plaintiff to obey the order. The defendants contended the evidence failed to show that the driver saw the plaintiff before he started the wagon and that, therefore, there was no wanton or intentional injury inflicted on the boy and the court should have taken the case from the jury. For this reason the sixth and seventh assignments allege error in refusing to direct a verdict for the defendants and subsequently in not entering judgment for the defendants non obstante veredicto. It must be admitted the evidence offered to show that the driver was aware of the presence of the boy on

the truck before he started is not as clear or satisfactory as it should be.   The learned trial judge manifestly thought that it was sufficient to submit to the jury, and we are not prepared to say that he committed reversible error.   It is contended by the plaintiff that when the driver yelled to the boys to get off, he included the plaintiff, and, therefore, the driver had knowledge of his presence on the wagon.   The plaintiff was not called as a witness and hence we have no information from him as to whether the driver saw him on the wagon before he started the horses.   As the case goes back for a retrial, this fact should be more fully developed, and if there is any doubt as to the sufficiency of the evidence for the purpose, the court may be asked by proper points to rule specifically on the question.   We must not be considered as ruling the point on the testimony presented in this case, and will leave the question to be determined on such testimony as may be adduced on the next trial.

The second, fourth and fifth assignments are sustained and the judgment is reversed with a venire facias de novo.