# Terletski et al., Appellants, *v.* Philadelphia & Reading Ry. Co.

*Negligence — Railroads — Infant trespasser — Frightening boy from car — Proximate cause — Concurrent causes — Res gestæ — Pleading—Allegata and probata—Nonsuit.*

1. In an action by a boy eleven years old against a railroad company for damages for personal injuries, where the statement of claim avers that while the plaintiff was on a car of the defendant, employees of the defendant "carelessly and negligently set the said car in motion, causing and requiring plaintiff to leave the car while in motion, in consequence of which he was thrown from his position" and injured, it is reversible error for the court to exclude evidence to the effect that a brakeman, who saw plaintiff get on the car, approached him from another car immediately after the car had started by a signal from the brakeman, and by threatening gestures, with a club in his hand, frightened him off; and it is also error to enter a nonsuit.

2. The manner in which plaintiff was required to get off the car was part of the res gestæ and plaintiff was not required to set it forth in his pleadings.

3. The signal given to start the train, when the brakeman, who gave it, knew that the boy was on one of the cars, was itself a negligent act; but the starting of the car was not in itself what caused the injury, the starting of the car and the frightening of the boy from it were concurrent causes of the injury, so averred in the statement of claim.

4. In such a case, as the pleadings were sufficient to justify the admission of the excluded testimony, and to sustain a verdict for plaintiffs, the case ought not to have been taken from the jury.

Argued Jan. 15, 1919. Appeals, Nos. 59 and 60, Jan. T., 1919, by plaintiffs, from order of C. P. No. 2, Philadelphia Co., March T., 1915, No. 4762, refusing to take off nonsuit in case of Joseph Terletski, by his father and next friend Michael Terletski, and Michael Terletski in his own right, *v.* Phila. & Reading Ry. Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BARRATT, P. J.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiffs appealed.

*Errors assigned* were refusal to take off nonsuit, and in striking out certain evidence.

*John J. McDevitt, Jr.,* with him *Harry A. Gorson* and *Samuel S. Herman,* for appellants.—The case was for the jury: Trevethan v. Phila. & Reading Ry. Co., 244 Pa. 414; Cameron v. Citizens Traction Co., 216 Pa. 191; Warden v. Phila., 167 Pa. 523; Luckett v. Reighard, 248 Pa. 24; McCullough v. Ry. Mail Assn., 225 Pa. 118.

*Wm. Clarke Mason,* for appellee, cited: Martin v. Pittsburgh Rys. Co., 227 Pa. 18; Allen v. Tuscarora Valley R. R. Co., 229 Pa. 97; Card v. Stowers Pork, etc., Co., 253 Pa. 575.

OPINION BY MR. CHIEF JUSTICE BROWN, February 24, 1919:

At the time Joseph Terletski sustained the injuries for which this action was brought he was eleven years of age. The cause of action is thus set forth in the statement of claim: "The plaintiff, Joseph Terletski, on or about the 8th day of May, A. D. 1915, about eight o'clock a. m., was at or about the roadway of the defendant company, in front of the American Pulley Works at or about the point where the Point Richmond Division of the Philadelphia & Reading Railway Company passes beneath the Chestnut Hill & Germantown Division of the Pennsylvania Railroad, and while thus about the said roadway or upon a certain car of the defendant company, the employees of the defendant company carelessly and negligently set the said car in motion, causing and requiring the said plaintiff to leave the said car while in motion, in consequence of which he was thrown from his position, and sustained the injuries hereinafter more fully described." The cause of action as set forth in the

pleadings was supported by the testimony. The boy testified that, when he got on the car, the train was standing still, and that a brakeman who saw him get on approached him from another car immediately after the train started, and by threatening gestures, with a club in his hand, frightened him off. Joseph A. Gallagher, a witness to the occurrence, after stating that he saw the signal given to the engineer by the brakeman to go ahead, testified as follows: "Q. When he gave that signal, where was the boy? A. He was about this far (indicating) on the car then. Q. Did the brakeman see the boy? Was he in a position to see him? A. He has got to see the boy. Q. Why? A. He is looking right down at him. ......Q. Could the brakeman see this boy? A. Yes, sir......Q. Was the boy within sight of the brakeman? A. Yes, sir."

At the close of the testimony offered by the plaintiffs counsel for the defendant moved the court to strike out all offered in relation to the alleged acts of the brakeman of a threatening nature towards the boy, for the reason that there was no averment in the plaintiffs' declaration of a wilful and deliberate act by any brakeman in charge of the train. The motion was allowed. Thereupon a motion was made for a nonsuit, and this, too, was allowed, the learned trial judge saying in allowing it: "The plaintiffs have set out certain allegations as the cause of this accident, and then they have gone on to show other causes than those alleged. In other words, they have brought the defendant into court to answer one state of facts, and they have proved another state." Each of the motions should have been denied. The negligence charged against the defendant, as set forth in plaintiffs' statement of claim, is the starting of one of its trains by its employees when they saw the injured plaintiff—a boy but eleven years of age—on an open car forming a part of the train, and "requiring the said plaintiff to leave the said car while in motion, in consequence of which he was thrown from his position,

and sustained the injuries" of which he complains. The manner in which he was required to get off the car was part of the res gestæ, and the plaintiffs were not required to specifically set it forth in their pleadings.

The signal given to start the train, when the brakeman who gave it knew the boy was on one of the cars, was in itself a negligent act: Trevethan v. Phila. & Reading Ry. Co., 244 Pa. 414; but the starting of the train was not in itself what caused the injury to the plaintiff. The starting of it and the frightening of the boy from it were concurrent causes of his injury, and it is so averred in the statement of claim. Simultaneously with the starting of the train the boy was frightened off the car by the employee of the defendant, according to the proofs in the case, and as the pleadings were clearly sufficient to sustain a verdict for the plaintiffs, the case ought not to have been taken from the jury.

The first and second assignments of error are sustained and the judgment is reversed with a procedendo.