# Nelson *v.* Johnstown Traction Co., Appellant.

*Negligence—Automobiles—Street railways — Collision between car and motor truck—Injury to guest on truck—Contributory negligence—Case for jury—Infant—Trespasser.*

1. Where a boy is invited to ride as a guest on a motor truck by the driver, the owner of the truck is not liable for the injury to the boy, short of wantonness by the driver, but, as to others than the owner, the boy is entitled to the same protection as if invited by the owner to ride in the truck.

2. Whether a guest is required under the law to caution a driver depends on the circumstances.

3. Where a driver gives the customary warning at intersections of streets, his car being under perfect control, with ample space in which to stop between the house-line and the car track, though the distance is short, the court cannot determine as a matter of law what the guest's action should have been; it is for the jury to conclude from a consideration of all the circumstances.

Argued October 17, 1922. Appeal, No. 80, Oct. T., 1922, by defendant, from judgment of C. P. Cambria Co., Sept. T., 1918, No. 215, on verdict for plaintiff, in case of Cecelia Nelson v. Johnstown Traction Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's son. Before REED, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant, quoting record; (2) refusal of judgment n. o. v., quoting record; (3) refusal of motion for new trial, quoting motion, decree and exceptions, but not reasons; (4) entry of judgment on verdict, quoting only verdict.

*J. Earl Ogle, Jr.,* for appellant

*George E. Wolfe,* for appellee.

OPINION BY MR. JUSTICE KEPHART, January 3, 1923:

Plaintiff's son was injured in a right-angled collision between a street car and a motor truck on which he was riding as a guest. When the truck passed the house-line the street car was fifteen or twenty feet away; notwithstanding the imminent danger, the driver continued to the track and collided with the street car which was approaching the street intersection at a high rate of speed without warning. The truck driver was guilty of negligence in not stopping.

The boy, eleven and one-half years old, assisted his mother in attending a grocery store owned and conducted by her. Sometime earlier in the day he went swimming; when returning home he rode on the truck at the driver's invitation. In doing so he was, as to the owner, a trespasser, and, short of wantonness, the owner would not be liable for injuries occasioned by the driver (Hughes v. Murdoch Storage & Transfer Co. (No. 1), 269 Pa. 222, 224), but as to others than the owner or persons in kindred relation, the boy was entitled to the same protection as if invited by the owner to ride thereon; such persons negligently injuring a trespasser, or one unnecessarily in a place of danger with respect to his employer, but in a safe place as to others, are liable in damages for injuries sustained (Hull v. Bowers, 273 Pa. 429, 431; Fitzpatrick v. Penfield, 267 Pa. 564, 574),

unless the trespasser or guest is guilty of contributory negligence, active or imputed.

If the passenger has an adequate and proper opportunity to control or influence the safety of the situation by warning or protesting to the driver against careless or reckless driving, and fails in this duty, he is guilty of negligence and cannot recover: Minnich v. Easton Transit Co., 267 Pa. 200, 204; Renner v. Tone, 273 Pa. 10, 12. If the guest is an adult, or an infant of sufficient mental capacity, the duty is fixed. If a parent negligently permits a child of immature mind to run at large, and it should occupy the position of plaintiff's son, the consequence of failure to give warning may be visited on the parent. Before considering the applicability of this or other rules, and the responsibility of the parent in any particular, we must first discover whether a situation was developed that called for cautionary action from the guest; if there was not, it is immaterial whether the guest was a child of mature or immature mind, or an adult.

Negligence is a failure to do that which should be done, or doing that which should not be done, whereby injury follows. Not all negligence is actionable; nor is failure to observe all precautions, however minute absolutely fatal. Some acts may stand out so prominently that the court may declare negligence as matter of law, others not so certain are for the jury, others so infinitesimal as to require no precaution. The truck driver was running his car at from five to eight miles an hour. He gave warning of his approach to the crossing by sounding his horn. His speed was such as to convey to the mind of the guest the car was under perfect control, which in fact it was. The distance between the house-line and the car tracks was short, it is true, but sufficient in which easily to have stopped the car. The driver negligently drove to the tracks, but we cannot declare as a matter of law, under the facts as here presented, that any act on the part of the guest was necessary, especially

when the car at all times was traveling under control. At the speed indicated, the driver should have been able to stop in much less than fifteen feet; that he did not do so, and continued in the face of a rapidly moving street car (his machine being struck the moment it reached the tracks), would not change the situation presented as the car approached the track; during this time the guest should have acted if action was necessary. These facts bring the case within the class that must be submitted to the jury.

The assignments of error dealing with the question of binding instruction, for the reasons given, are overruled; the other assignments, not being in proper form, are dismissed.

Judgment affirmed.