# Hartigan et al., Appellants, *v.* Public Ledger.

*Negligence—Automobiles—Permitting boy to ride on truck—Driver's disobedience of orders—No wantonness—Infants.*

1. Where a driver of a truck has explicit instructions from his employer not to permit others to ride on the truck, no recovery can be had from the owner of the truck for injuries to a boy who fell from the truck while riding on it with the permission of the driver; and this is so even if the driver was negligent.

2. In such case, where it appears that the car was coming to a stop, when the driver said to the boy "hurry up and make it snappy," there is no such evidence of negligence for the jury, if nothing further is shown except that the boy was thrown by a jerk of the car while attempting to get off, without any explanation as to what caused the jerk.

Argued December 2, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 262 and 264, Jan. T., 1927, by plaintiffs, from judgment on directed verdict for defendant, in case of Gerald Hartigan by his father and next friend, Jeremiah Hartigan, and Jeremiah Hartigan and Mary Hartigan, in their own right, v. Public Ledger. Affirmed.

Trespass for personal injuries to boy nine years old. Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Verdict directed for defendant and judgment thereon. Plaintiffs appealed.

*Error assigned,* inter alia, was direction for defendant.

*Samuel Melnick,* for appellants.—The case was for the jury: Kierkowsky v. Connell, 253 Pa. 566; Dunne v. R. R., 249 Pa. 76; Simmons v. R. R., 199 Pa. 232; Marcus v. Gimbel Bros., 231 Pa. 200; Perrin v. Lumber Co., 276 Pa. 8; Kirk v. Showell, Fryer & Co., 276 Pa. 587; Hughes v. Storage Co., 269 Pa. 222; Petrowski v. Ry., 263 Pa. 531; Fitzpatrick v. Penfield, 267 Pa. 564.

*Frank Rogers Donahue,* for appellee.—Binding instructions were proper: Byrne v. Brewing Co., 259 Pa. 357; Hughes v. Storage & Trans. Co., 269 Pa. 222; D'Allesandro v. Bentivoglia, 285 Pa. 72.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1928:

This is an action to recover damages for personal injuries sustained by the minor plaintiff. The trial judge gave binding instructions for defendant and plaintiffs have appealed.

The minor plaintiff, nine years old, and another boy, got on a delivery truck, belonging to defendant, with the consent of its driver, whose express orders were not to permit any persons to ride thereon without permission of his superiors. The vehicle was used to deliver newspapers to dealers. The lads were newsboys and had ridden on it before. As they approached a street crossing where it was the driver's duty to deliver some of the newspapers to a near-by dealer, the other boy handed them to plaintiff and the driver said to him, so the plaintiff testified, "Hurry up and make it snappy." The

truck slowed down, but, before it completely stopped, plaintiff, in attempting to alight, lost his balance, owing, as he said, to a sudden jerk of the truck, and fell off, the rear wheel running over him. The testimony showed that it had been customary for plaintiff on the occasions when he rode on the truck to assist the driver in making deliveries. The boy received no compensation for what he did. The only negligence ascribed is the direction of the driver to "Hurry up and make it snappy" and the sudden jerk of the car as it was stopping. The driver did not order the lad off the moving vehicle and the mere fact that, as he was slowing it down to stop, he told him to hurry up, would not be negligence. When plaintiff fell, the truck "was moving slowly, coming to a stop," and he says his fall was due to the sudden jerk. What caused the jerk was not shown. It is known to every one that motor vehicles in stopping and starting will sometimes jerk and it could not be determined, under the circumstances here shown, that, merely because the truck jerked, it was negligently operated. This is not a case like Lafferty v. Armour, 272 Pa. 588, where there was a wanton act on the driver's part, and in which we pointed out that, if the plaintiff had attempted to alight from the wagon and been injured without any wanton act by the driver, the defendant would not have been responsible.

Even if negligence had been proved, there could be no recovery. In Perrin v. Glassport Lumber Co., 276 Pa. 8, the driver had instructions not to allow others to ride on the truck. We said in that case (p. 10) : "Though the plaintiff was on the car by invitation or permission of the employee, unless the consent was authorized, expressly or impliedly, the employer is not to be held liable, except for injury resulting from some wilful act. ......He had no implied authority to permit boys to ride on his truck, and acted beyond the scope of his employment when he did so......The master, short of wantonness, did not owe him the duty of a safe carriage, or to see that he safely alighted." Speaking per curiam,

in D'Allesandro v. Bentivoglia, 285 Pa. 72, 73, we said, "An employer is liable only for the acts of his servant done in the scope of his employment, and the employment in this case did not include taking the minor plaintiff for a ride either as a passenger, which the statement of claim alleges he was, or as an assistant......for no such emergency is shown by the record before us as would warrant the driver of the truck in imposing the responsibility of an employer of the minor plaintiff on defendant."

The learned president judge of the court below was correct in determining as a matter of law that plaintiffs were not entitled to recover.

The judgment is affirmed.