## Slother, Appellant, v. Jaffe.

Argued January 8, 1947, before MAXEY, C. J., DREW,. LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Carl A. Belin,* with him *William W. Litke,* and *Fleming & Litke,* for appellant.

*Edward L. Willard,* with him *Willard & Dunaway,* for appellee.

OPINION BY MR. JUSTICE LINN, March 24, 1947:

This appeal is from the refusal to take off a nonsuit. Plaintiff alleged injury in 1941, while riding on defendant's business truck driven on his business by his driver; plaintiff alleged that he was injured by the driver's negligent and reckless driving.

The case was disposed of too summarily. It was a simple tort action depending on oral testimony. The plaintiff's examination had hardly begun when an objection to a question stopped the trial. The first of the two assignments of error summarizes what occurred: "1. The Learned Court below erred in sustaining an objection to evidence on the grounds that it had not been pleaded:

" 'Q. Will you just tell the Court and Jury how you come to be on this truck this day?

" 'A. That day?

" 'Q. Yes, sir.'

"The Defendant called for an offer and the Plaintiff in substance stated that the servant stopped at the house and asked him to go along and he did go along and the

accident occurred. The Court asked the purpose of the testimony and the Plaintiff offered to prove that he did go along on the trip and then to show the negligence and the accident.

"Mr. Willard objected to the proof that the Plaintiff was an invitee on the grounds that it had not been pleaded. The Plaintiff stated that the Statement of Claim was sufficient and that the offer in respect to the question was sufficient to continue with the trial. The objection was sustained and exception allowed and bill sealed."

Counsel for the plaintiff then stated: "On the basis of the court's ruling, and only because of it, we must rest our case at this point." Defendant's motion for a compulsory nonsuit was then made and granted. The second assignment of error complains of the refusal to take off the nonsuit.

Paragraph 3 of the statement of claim averred: "On or about the second day of April, 1941, the Plaintiff was riding in a truck owned and operated by the Defendant in the business of the Defendant and driven by an agent of the Defendant." In paragraph 16 the negligence of the agent was alleged to consist, inter alia, of "Having no regard for the safety and securing of passengers in his said truck." In the 11th, 14th and 16th paragraphs the plaintiff averred that his injuries resulted from "the carelessness, recklessness and negligence" of the defendant.

Referring to the third paragraph of the statement, defendant's brief says: "The allegation of this relationship in the third paragraph of the statement of claim is merely that of a trespasser. It sets out no relationship of employment between Plaintiff and Defendant or invitation between Defendant or his driver employee. Authority to make such an invitation is not assumed from the failure to file an affidavit of defense." The brief also states that at the time of trial the period of the statute of limitations had run, and "after a con-

ference at side bar, Counsel for Plaintiff . . . proposed to amend the pleadings to change a material allegation in the statement of claim, to wit: the relationship existing at the time of the accident between the Plaintiff and Defendant and also to change the allegation regarding the degree of negligence. It is the refusal to permit these amendments which occasions the present appeal."

While the parties differ about the meaning of averments in the statement of claim, we understand the plaintiff to aver that while riding on defendant's business truck, driven by his employee about his business, the driver, against plaintiff's protest, drove with such reckless disregard of the plaintiff's rights as to result in wanton injury to him. Though the word wanton was not used in the statement of claim the important question is not one concerning the use of any particular word but whether plaintiff averred facts from which, if proved, the jury could infer wanton conduct as that term is understood in our law. We think such facts are sufficiently averred to put defendant on notice of what he would be called on to meet at the trial.

The statement avers that the driver was "driving without using any lights of any kind and was hurrying to get home before night fell," that plaintiff protested "over the speed at which he was operating his said vehicle, the road being made up of many serious curves"; that the driver disregarded the protests and "came upon a certain curve" where he "speeded up the truck to a speed that was unsafe to make the curve," and in making the curve, zig-zagged "to avoid leaving the highway, throwing the Plaintiff against the door on the right side of the truck. The door flew open and the Plaintiff was violently tossed upon the road." While, in several other paragraphs the driver's conduct was characterized as "carelessness, recklessness and negligence," characterization is not essential: *Bradley v. Potts,* 155 Pa. 418, 428, 26 A. 734; *Penna. R. R. Co. v. Pittsburgh,* 335 Pa. 449, 459, 6 A. 2d 907.

In the Restatement, Torts, section 500, recklessness is defined as follows: "The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will· result to him."

If defendant had desired a more specific averment in the statement of claim on the point involved he should have obtained it before going to trial: compare *Cameron v. Fishman*, 291 Pa. 12, 139 A. 383. The statement will support a finding on sufficient evidence either (1) that plaintiff was on the truck as an invitee with the implied authority of the defendant, or (2) that he should be regarded as a trespasser. Under the doctrine of respondeat superior, defendant's driver was required to exercise that measure of care required by the circumstances as the jury shall find them to have been.

It is said in some of our cases that a master is not [1] liable to a trespasser on his vehicle for personal injury resulting from the negligence of his servant in the management or operation of the vehicle but that he is liable for injury to the trespasser resulting from the wanton or wilful acts of the servant during such management or operation. The contrast is between negligence [2] on the one hand, and wantonness or its synonyms wilful-

---

[1] *Stefan v. New Process Laundry*, 323 Pa. 373, 185 A. 734; *D'Allesandro v. Bentivoglia*, 285 Pa. 72, 131 A. 592; *Tusko v. Lynett*, 326 Pa. 449, 192 A. 410; *Byrne v. Pittsburgh Brewing Co.*, 259 Pa. 357, 103 A. 53; *Nelson v. Johnstown Traction Co.*, 276 Pa. 178, 119 A. 918.

[2] In some states liability for negligence is imposed: see *Kuharski v. Somers Motor Lines*, 132 Conn. 269, 43 A. 2d 777; *Jewel Tea Co., Inc. v. Sklivis*, 165 So. 824 (Ala. 1936); *Evarts v. St. Paul Rwy. Co.*, 56 Minn. 141, 57 N. W. 459, 22 L. R. A. 663; *Rook v. Schultz*, 198 P. 234 (Ore.); *Smith Bros., Inc., v. Williams*, 294 S. W. 309 (Texas); *Bobos v. Krey Packing Co.*, 296 S. W. (Mo.) 157.

ness or recklessness, on the other. Negligent conduct was held not to be within the "wanton" category when a boy was injured by the "jerk" of the truck while he was alighting from it: *Hartigan v. Public Ledger*, 291 Pa. 588, 140 A. 524; see also *McGinniss v. Peoples Bros.*, 249 Pa. 335, 94 A. 925; *Tyler v. MacFadden News Corp.*, 107 Pa. Superior Ct. 166, 163 A. 79; *Hughes v. Murdoch Stor. Trans. Co.*, 269 Pa. 222, 112 A. 111; *Perrin v. Glassport Lumber Co.*, 276 Pa. 8, 119 A. 719; *Zavodnick v. Rose*, 297 Pa. 86, 146 A. 455; *Bowman v. Penna. R. R. Co.*, 299 Pa. 558, 149 A. 877. Whipping a boy off the truck while in motion was held to be "wanton": [3] *Lafferty v. Armour & Co.*, 272 Pa. 588, 116 A. 515; knocking a boy off a freight car: *DiMeglio v. P. & R. Rwy. Co.*, 249 Pa. 319, 94 A. 1095; running down children on a bridge when the motorman might have stopped: *Cover v. Hershey Transit Co.*, 290 Pa. 551, 139 A. 266.

It may be that plaintiff will produce evidence [4] from which the jury may find that the driver had implied authority to invite plaintiff to ride on the truck. If that shall appear to have been the fact, defendant's liability for the driver's negligence will follow on familiar principles. On the other hand if no authority to bind the defendant is shown and the jury finds the plaintiff to have been a trespasser injured by the driver's wanton misconduct in the management of the truck after plaintiff's protest, another question will arise. It may be argued that in our cases the owner was held to be liable, because the servant's wanton act was directed at or against the trespasser (as in threats [5] whether by word,

---

[3] See collection of cases on this subject made by Judge KELLER in *Collins v. Rosenberg*, 106 Pa. Superior Ct. 269, 273, et seq., 161 A. 580.

[4] By way of illustration, we make the inference from what is said in the briefs concerning plaintiff's prior proceeding against defendant for workmen's compensation.

[5] *Biddle v. H. M. & F. Rwy. Co.*, 112 Pa. 551, 4 A. 485; *Enright v. Pitts. Junction R. R. Co.*, 198 Pa. 166, 47 A. 938; *Brennan v. Merchant

whip or missile) but that such liability should not follow from wanton misconduct not directed at or against the trespasser. As the point has not been argued and as it is not certain that the question will arise at the trial, we shall not attempt to decide it at this time.

Judgment reversed and new trial awarded.

& Co., 205 Pa. 258, 54 A. 891; *Trevethan v. P. & R. Rwy. Co.*, 244 Pa. 414, 90 A. 796; *Petrowski v. P. & R. Rwy. Co.*, 263 Pa. 531, 107 A. 381; *Thomas v. So. Penna. Traction Co.*, 270 Pa. 146, 112 A. 918; *Pollack v. Penna. R. R. Co. (No. 1)*, 210 Pa. 631, 60 A. 311; *Minute v. P. & R. Rwy. Co.*, 264 Pa. 93, 107 A. 662; *Stephanik v. B. & O. R. R. Co.*, 243 Pa. 43, 89 A. 827.