## Gill v. Wilkes-Barre Publishing Co.

*Andrew I. Puhak*, for plaintiff.

*James P. Harris, Jr.*, for defendant.

PINOLA, P. J., January 17, 1963.—Plaintiff filed a complaint in trespass on October 25, 1962, seeking to recover damages sustained on March 9, 1961, when his left wrist was caught in the door of an elevator located on defendant's premises.

Plaintiff alleges that during the course of his duties as an employe of the American Oil Company he delivered two steel containers of oil to the loading platform of defendant's premises. He contends that he was instructed by one of defendant's agents in the use of the elevator in question and that the agent failed to warn him of certain defects which caused his injury.

Defendant has filed a motion for a more specific complaint setting forth two specific objections. In the first, it seeks to have plaintiff specify and identify the name of the agent or employe who allegedly gave the instructions; and, in the second, it seeks more specificity with regard to plaintiff's allegations 12(f) and 12(g).

Our attention has been called to several decisions involving the question presented. After a careful review, we conclude that while each case must be determined by its own facts, the general rule is that such identification is not necessary in a tort action.

In Hassler v. Saracena, 60 Dauph. 237, 241, the court, noting the distinction between assumpsit and tort actions, declared:

"It is hardly conceivable that contractual liability could be imposed upon the principal without full knowledge by the plaintiff and disclosure on his part of the name of the agent who imposed such contractual liability. . . . There is, however, a wide diversity in the factual situations which give rise to actions in tort. Whereas in contract actions, by their nature, the parties usually have complete knowledge of the identity

of the contracting parties, tort actions, on the other hand, frequently arise between parties who are utter strangers to each other. They do not always know the names of all parties involved, and sometimes in the inherent nature of the case cannot know the names of all parties involved."

Here plaintiff sets forth that the containers of oil were delivered at a certain place, on a given date, and at a time fixed. It seems that defendant would be better able to ascertain which of its agents, if any, worked in this area at that time and whether or not any statement or instructions were given by him.

Defendant next complains of the general blanket allegations of negligence contained in paragraphs 12(f) and 12(g) of the complaint which read as follows:

"12. . . . (T)he said occurrence was due solely and entirely to the carelessness and negligence of the defendant and its servants, . . . acting within the scope of their employment for and in behalf of the defendant.

"(f) In disregarding the rights and safety of the Plaintiff and other persons lawfully on the premises of the Defendant.

"(g) In otherwise failing to exercise due care under the circumstances."

In McGeehan v. Cicconi, 48 Luz. 127, 129, Judge Flannery declared:

"Defendant also objects to the general nature of one of plaintiff's allegations of negligence, i.e., defendant's 'otherwise failing to exercise due care under the circumstances.' This objection is well taken. Allegations of negligence or carelessness without facts to support them are insufficient. Slother v. Jaffe, 356 Pa. 238; Pennsylvania Railroad Co. v. Pittsburgh, 335 Pa. 449. Thus the quoted allegation adds nothing to the averments of negligence set forth elsewhere in the complaint. If it was intended to do so, supporting facts must be alleged."

Accordingly, we enter the following

*Order*

Now, January 17, 1963, the first preliminary objection is overruled, the second preliminary objection is sustained, and plaintiff is directed to file an amended complaint within 20 days in conformity with this decision.