**Dora May SHOTZBERGER and John R. Shotzberger, Defendants below, Appellants,**

**v.**

**Irene PIAZZA and Paul Piazza, Plaintiffs below, Appellees.**

Supreme Court of Delaware.

Argued Jan. 15, 1975.

Decided Feb. 13, 1975.

Richard I. G. Jones, Prickett, Ward, Burt & Sanders, Wilmington, and Jay H. Conner, of Conner, Daley & Erisman, Wilmington, for defendants below, appellants.

L. Vincent Ramunno, Wilmington, for plaintiffs below, appellees.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

In this automobile negligence case defendants appeal from a jury verdict for personal injuries and medical expenses.

## I

Many errors of law are alleged but, in the view we take of the case, the most significant of these involves the Superior Court's failure to submit the issue of plaintiff Paul Piazza's status to the jury (as finder of fact) under 21 Del.C. § 4198. That statute provides in part:

"(a) No person shall ride upon any vehicle without the consent of the driver and when any person is riding on any vehicle with the driver's consent, no part of the person's body must protrude beyond the limits of the vehicle."

■ When the status of a person is a fact in issue and there is a conflict in the evidence as to his status (or there is evidence from which different inferences or conclusions may reasonably be drawn) the question of determining such status is for the jury and not the court. 75 Am.Jur.2d Trial § 361; 10B Blashfield, Cyclopedia of Automobile Law and Practice § 6647.

■ Here, the injuries were sustained when Paul fell from the top of a trunk of a motor vehicle driven by defendant John R. Shotzberger. There was a dispute in the evidence as to the circumstances under which Paul positioned himself on the trunk, the knowledge which John had as to his presence and when that knowledge was acquired, the manner in which John placed the car in motion and the inferences to be drawn from the disputed facts. All of these were relevant to determining Paul's status under § 4198 and the Trial Court should have submitted the issue to the jury under appropriate instructions. Failure to do so was reversible error.

## II

■ Since a new trial must be ordered in which Paul's status will be determined by a jury, we consider the standard of care to be applied in determining liability if the jury concludes that Paul was on the vehicle without the driver's consent. If he was, then he was therein violation of § 4198 and his status was that of a trespasser.

Under § 4198 the driver of a vehicle is liable to a person riding thereon without his consent only if he knows or should know of the trespasser's presence in or on the car, and only if it is proved that the injuries sustained by the trespasser were proximately caused by his (the driver's) intentional or wilful or wanton conduct.

The intentional-wilful-wanton test of liability has long been the law in this State in determining liability for injury to a non-paying guest, 21 Del.C. § 6101, see Justice v. Gatchell, Del.Supr., 325 A.2d 97 (1974), and it would be anomalous to require a higher duty to a trespasser than one owes to a social guest. We note also a recent public policy change by the General Assembly in the "occupier of land guest statute;" effective July 10, 1973 the law now specifically precludes liability to a land trespasser unless any injuries sustained were the result of intentional or wilful or wanton conduct by the owner or occupier. 25 Del.C. § 1501. See Pietuszka and Gallucio Builders, Inc. v. McTaggart, Del. Supr., 333 A.2d 164 (1975).

The rule to be derived from our cases and the public policy expressed in these statutes is, we believe, appropriate for application here. Accordingly, we adopt the intentional-wilful-wanton test as the measure of liability under 21 Del.C. § 4198. Compare Slother v. Jaffe, 356 Pa. 238, 51 A.2d 747 (1947).

## III

In view of the conclusion we have reached, it is unnecessary to consider other arguments made by the parties.

\* \* \*

Reversed and remanded for proceedings not inconsistent herewith.