## Lorah *v.* Rinehart, Appellant.

*Negligence — Automobiles — Pedestrians — Contributory negligence—Care in crossing street—Death.*

1. In a crowded city street the dictates of common prudence require that a heavy vehicle, such as an automobile, shall be kept under control so as to avoid, or at least minimize, the dangers of a collision.

2. It is not the duty of one crossing a public roadway to stop, but he must look and listen to ascertain if vehicles are coming, and must be on his guard after he starts on to the street, and must continue on the alert while crossing the entire roadway.

3. In an action of trespass to recover damages for death caused by a collision with an automobile, it was proper to permit the jury to take into consideration the distance which the machine traveled before it came to a stop after the deceased was struck, in estimating the speed of the car.

4. In an action of trespass to recover damages for the death of plaintiff's husband killed in a congested street by an automobile driven by defendant's chauffeur in the course of his employment, where plaintiff's testimony tended to show that the automobile was moving at from twelve to fifteen miles an hour; that deceased was struck by the front of the car near its center and that the car moved forty or fifty feet after the collision before it was stopped, while defendant's testimony tended to show that the automobile was running slowly when deceased stepped from behind a wagon directly into the side of the mud guard on the car, the front of which did not strike him, the case was for the jury, and a verdict and judgment for plaintiff will be sustained.

Argued Oct. 22, 1913. Appeal, No. 65, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., Feb. T., 1911, No. 449, on verdict for plaintiff in case of Maud K. Lorah v. M. C. Rinehart. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,000 and judgment thereon. Defendant appealed.

*Errors assigned* were various instructions to the jury referred to in the opinion of the Supreme Court.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellant.

*J. P. Hunter,* of *Lyon & Hunter,* for appellee.

OPINION BY MR JUSTICE POTTER, January 5, 1914:

In this action the plaintiff sought to recover damages for the death of her husband, who was killed in a collision with an automobile on Liberty street in the City of Pittsburgh. The automobile was owned by the defendant and was operated by his chauffeur, who was at the time admittedly acting within the scope of his employment. The accident occurred at a place where the traffic upon the street was congested. Early in the afternoon of October 26, 1910, Mr. Lorah, the plaintiff's husband, was upon the southerly side of Liberty street at a point opposite the line of Ninth street which leads northwardly from, but does not cross Liberty street. He left the curb and attempted to cross the latter street, which is some fifty-eight feet in width. A loaded wagon was standing near the curb. After passing it and getting fairly into the street, Mr. Lorah was struck by the automobile of defendant with such force as to lift him from his feet and throw him upon the street pavement, fracturing his skull. He was removed to a hospital and died about forty-eight hours afterward. The testimony upon the part of plaintiff tended to show that the automobile was moving at a rate of from twelve to fifteen miles per hour; that Mr. Lorah was struck by the front of the car, near its center, and that it moved forty or fifty feet after the collision before it was stopped. On the other hand, the testimony upon the part of the de-

fendant tended to show that the automobile was running slowly, and that Mr. Lorah stepped out from behind a wagon, directly into the side of the mud guard on the car, and that the front end of the car did not strike him. The testimony was conflicting and it was submitted to the jury. The verdict shows that they must have accepted the version of the witnesses for plaintiff. Counsel for defendant did not ask for binding instructions in his favor, and he here specifies as error only certain portions of the charge to the jury.

In the first assignment, complaint is made that the trial judge instructed the jury that the defendant in using the public street was bound to use the required care to prevent a collision, and that plaintiff's husband was bound to use the same care to prevent an accident. The instruction was proper in itself and particularly so, when read in connection with the context and with other parts of the charge bearing upon the same subject. In a crowded city street, the dictates of common prudence clearly require that a heavy vehicle, such as an automobile, shall be kept under control so as to avoid, or at least minimize the dangers of a collision. Common experience and observation shows that the only adequate method of control is to run the machine slowly. If the testimony of plaintiff's witnesses is to be accepted, the automobile of the defendant was being driven at a rate of from twelve to fifteen miles per hour. The jury might very well infer that this speed was for the time and place, too great, and that its maintenance was a breach of duty.

In the second specification, an error occurs in quoting from the charge. The trial judge did not say that one crossing a public roadway was under no duty to stop, look and listen to ascertain if vehicles are approaching. Reference to the charge shows that he said that the duty was not to stop, but that a person crossing must look and listen to ascertain if vehicles are coming. He further said that as a reasonably prudent person, he

must be on his guard after he starts onto the street, and must continue on the alert while crossing the entire roadway. This was, we think, a correct statement of the law.

In the third assignment, the trial judge is charged with error in submitting to the jury the question, whether considering the congested condition of the street, the automobile was being run at a negligent rate of speed. That was precisely the proper point of inquiry. Was the speed too great for prudence under the circumstances? With a clear track and plenty of room, the rate of twelve to fifteen miles an hour would no doubt be deemed very moderate. But in the thick of traffic, where the streets are crowded with vehicles and pedestrians, a jury might with reason conclude that a prudent person, having due regard for his own safety and that of others would drive a heavy automobile much more slowly than the rate above indicated. Nor do we see that the court erred, as is suggested in the fourth assignment, in permitting the jury to take into consideration, in judging of the speed of the car, the distance which the machine traveled before it came to a stop after Mr. Lorah was struck. That was an element very properly to be considered. The very purpose in running slowly is to enable the driver to bring the automobile quickly to a halt in case of emergency. The test of control is the ability to stop quickly and easily. When this result is not accomplished, the inference is obvious that the car was running too fast, or that proper effort to control it was not made. If dangerous and powerful machines such as automobiles, whose weight when in motion gives them great momentum, are to be permitted to use the public highways, prudence requires that they be kept under good control so that they may be promptly brought to a halt, if need be. We think the questions here in controversy were matters of fact, and as such were properly for determination by the jury. In the

manner of their submission, we see no sound reason for complaint by the appellant.

The assignments of error are overruled, and the judgment is affirmed.