## Steffero v. Martin.

*Damages for death of child struck by automobile in city street — Negligence—Evidence—Speed of car—Failure to blow horn—Non-suit.*

1. In an action to recover damages for the death of the plaintiff's seven-year old daughter, who was struck by the defendant's automobile on a city street, a non-suit was properly entered where it appeared that the child stepped from the sidewalk quickly, about fifteen feet in front of the automobile, and there was no testimony to show that the defendant could have stopped his car in time to avoid striking her, but it appeared that he had slowed up before reaching the intersection of two streets just before the accident happened.

2. Under these circumstances, there being other evidence as to the speed of the car, it was proper to refuse to allow the jury to take into consideration the distance the automobile ran after it struck the child from measurements of its tracks after it had gone away.

3. The failure of the defendant to blow his horn at a crossing is not negligence in regard to an accident which occurred not at the crossing, but beyond it.

Lorah *v.* Rinehart, 243 Pa. 231, distinguished.

Rule to strike off judgment of non-suit. C. P. Lancaster Co., Jan. T., 1919, No. 71.

*Charles G. Baker,* for rule.

*Amos E. Burkholder* and *John E. Malone,* contra.

HASSLER, J., July 2, 1921.—In this action the plaintiff seeks to recover damages for the death of his seven-year old daughter, Felicia Steffero. It appeared in the testimony at the trial that on Dec. 31, 1918, she, with a companion of the same age, named Usa Kittle, was at the intersection of Marshall and Chestnut Streets, in this city. Usa Kittle walked across Chestnut Street on the west crossing, but Felicia continued west on the north side of Chestnut Street until she was about twenty feet beyond the crossing. Then she went out into the street for the purpose of crossing it, and was hit and killed by an automobile driven by the defendant.

In his statement the plaintiff charges that the defendant was unlawfully driving and operating the said automobile in a reckless, dangerous, careless and negligent manner, without regard to the traffic in said highway and the requirements of the State of Pennsylvania and the traffic regulations of the City of Lancaster. At the trial, the plaintiff tried to show that the defendant was operating his automobile at a too high rate of speed, and that he failed to sound his horn when approaching the crossing.

The only witness, called at the trial, who saw the accident is Isaac Evans. He testified that he was 100 feet east of the intersection of Marshall and Chestnut Streets, looking westward; that he saw the automobile driven by the defendant going "at a pretty good clip" past him, but that, in order to avoid a horse and buggy that was approaching the intersection of the two streets, he slowed up at the crossing and continued across the west crossing about twenty feet. At this point Felicia Steffero stepped from the pavement to the street. He testified: "A. Yes, sir; sure I saw the child run out; I seen the child go off the sidewalk. Q. Where was the automobile when the child went off the sidewalk? A. When the child went off the sidewalk, his automobile was across the crossing. Q. Then it was within ten feet of the child when the child started? A. No; it was about the length of the house. . . . Q. Fourteen or fifteen feet away? A. Something like that, from the crossing. Q. The child suddenly broke out? A. Yes, sir. Q. Did it start to run? A. Not just exactly run." Adam Dommel testified that the child was struck twenty-one feet west of the west crossing, as he saw her there after she was struck. Usa Kittle testified that, after she heard the crash, she looked around

1 D. & C.

and the automobile had stopped close to where the child was lying. Isaac Evans also testified that the automobile stopped close to where it struck the child, it being at the house next to the barber shop. Adam Dommel and Isaac Evans both testified that, after the machine had gone away, they measured the distance from where it appeared from the tracks that it commenced skidding to the place where it stopped, and that it was a distance of from forty-five to fifty feet.

It is argued by plaintiff's attorney that it is proper to permit a jury to take into consideration the distance the automobile ran after it struck the child, so that they may arrive at the rate of speed that it was going. In support of this contention he cites the case of Lorah v. Rinehart, 243 Pa. 231. We can understand that this should be done, as that case decides, where there is no other evidence as to the speed at which the car was going, but where, as here, the plaintiff has proven positively that the car had slowed up prior to the time of the accident, and by at least two witnesses who saw it that it stopped close to where the accident occurred, it would be manifestly improper to have permitted the jury to find that it was going at a high rate of speed, from measurements made after the automobile had gone away. We are satisfied that the testimony showed that the defendant was not operating his automobile at an improper rate of speed, and that the accident was no fault of his.

The case which justified us in entering the non-suit is that of Stahl v. Sollenberger, 246 Pa. 525. In it the facts are as follows: Two boys were walking on a footway for pedestrians over a bridge, and which was along one of the sides of it. The driveway was in the centre, and the defendant was operating his automobile on the driveway. For some cause the plaintiff's son, who was a small boy, stepped off of the footway on to the driveway and was injured. The court entered a non-suit, which it refused to strike off. In affirming this action of the court, Justice Potter says: "A careful examination of the testimony as submitted to us fails to disclose any indication of the length of time the boy was in the roadway in front of the car before he was struck. Manifestly, he had left the footway provided for pedestrians and was, at the time of the collision, in the place provided for vehicles. But how long he had been there was not shown. Yet this was the important matter in the case. The defendant cannot fairly or reasonably be charged with negligence in failing to stop his automobile and avoid the accident, unless it appeared that the boy entered the roadway at a sufficient distance from the automobile to permit of its being stopped before the collision occurred. If the boy suddenly left the footway at a place where the driver had no reason to expect him to do so, and ran directly in front of the automobile, the result could hardly have been other than disastrous, even though the machine had been moving at a very reasonable rate. The court below felt that the only reasonable inference to be drawn from the testimony in this case is that the boy did leave a place of safety and unexpectedly dashed into danger. We find nothing in the evidence to warrant us in holding that this conclusion was wrong, or that any other inference could be legitimately drawn from the testimony. Cases are not uncommon where it is shown that a child leaves a sidewalk and runs upon the street, a certain distance in front of an approaching car. Under such circumstances, there may be disputed questions of fact as to whether the driver should have seen the child, or whether the distance was sufficient to enable him, having his car under proper control, to bring it to a stop in time to avoid the accident. But in the present case, with no evidence that the child appeared upon the roadway in front of the car at any appreciable distance ahead of it, and with no circumstance shown that would tend

to suggest to the driver, prior to the happening of the accident, the probability of the boy leaving the footway or getting into danger upon the driveway, we think the trial court was right in holding that there was not sufficient proof of any negligence causing the accident, on the part of the defendant, to justify the submission of the question to the jury."

. The testimony here showed that the girl stepped from the sidewalk to the street quickly, about fourteen or fifteen feet in front of the automobile, and there was no testimony to show that, even if going slowly, the defendant could have stopped his car in time to avoid striking her. The plaintiff proved that the defendant had slowed up his automobile before reaching the intersection of the two streets, east of the place of the accident. We are satisfied from all this that the accident was not the fault of the defendant, as there was no proof that he was negligently operating his machine, by doing it too rapidly.

That the defendant failed to blow his horn when approaching the crossing is not negligence. The law requires him to give notice of his approach to a crossing by blowing his horn. If the accident had occurred at the crossing, his failure to have done so would have been an act of negligence, and entitled the plaintiff to recover if such failure was the proximate cause of the injury, but this accident did not occur at the crossing. He was not required to blow his horn to indicate that he was coming along the street at any point other than at the crossing.

We are satisfied that the judgment of non-suit was properly entered, and discharge the rule to show cause why it should not be stricken off.

From George Ross Eshleman, Lancaster, Pa.