## Boyle *v.* Leech, Appellant.

Argued October 9, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Charles F. Patterson,* for appellant.

*Thomas M. Marshall,* of *Marshall & Marshall,* for appellee, cited: Dorris v. Bridgman & Co., 296 Pa. 198; Smith v. Blafkin, 95 Pa. Superior Ct. 520.

OPINION BY MR. JUSTICE SCHAFFER, November 25, 1929:

This appeal is by defendant, who argues that judgment should be entered in his favor non obstante veredicto.

Plaintiff recovered a verdict for personal injuries inflicted upon him by an iron beam with a strut on it, which was being transported on defendant's truck along a public street in the Borough of McKees Rocks. The strut extended beyond the body of the truck on its left side, a distance, according to the estimates of witnesses, of from two to six feet; one called by defendant who actually measured it, said the overhang was two feet, eight inches. The truck had a trailer attached to it to aid in carrying the beam, which was from thirty-five to forty feet long and was preceded by a pilot truck. A warning signal consisting of a large piece of red cardboard was on the strut and on the beam itself was a man

with a red flag to give notice to approaching traffic of the presence of the projection.

Traveling in the opposite direction on the street and to the left of the truck was a Packard automobile and a short distance back of it—twenty-five or thirty feet—was plaintiff driving a light truck. These two vehicles were proceeding at fifteen to twenty miles an hour. The truck was going at less speed. When the driver of the Packard car was about seventy-five feet from the approaching truck, he observed the overhanging strut and pulled suddenly out to his right to avoid it. His action in turning out decreased his speed and in consequence the distance between him and plaintiff. As the Packard car pulled to the right, the rear part of it obscured plaintiff's complete view of the truck, and, until the automobile had cleared the space in front of him he was not aware of the presence of the strut in his path. Suddenly confronted with it, he endeavored to escape being struck by rising from his seat, but was unsuccessful in doing so. It hit him, inflicting serious injuries and wrecking his car.

Driving a truck through the public streets loaded as the one here in question was, with a projection extending into the sweep of oncoming travel, was a most negligent performance, disregardful of the rights of other users of the highway. The operator of the truck was bound to foresee just such a situation as here presented itself, that the drivers of other motor vehicles coming in the opposite direction might not quickly enough realize that there was something, dangerous to them, extending beyond the line of the truck and into their lane of travel, and be unable to avoid it. Whosoever adds to the dangers of public travel by such an act must take all the consequences of his disregard of other's rights. We said in Dorris v. Bridgman & Co., 296 Pa. 198, 203, speaking through Mr. Justice KEPHART, "Where one uses a motor vehicle on the highway......with any projection extending beyond the lines of the car, he will be presumed

to apprehend any danger that may come from the......
projections, and will be responsible for any injury
occasioned thereby. ...... Where the truck......is
loaded with objects which stick out beyond the body
......and in driving on the highway an injury results
......by contact with such projection,......the presumption of negligence may arise from two circumstances: improper loading of the vehicle or its improper
operation." We repeat this ruling. Those who devote
the highways to such uses as the defendant here did are
bound to see at their peril that no one is injured by what
they do.

While they have no effect in this case because the
cause of action arose prior to their becoming effective, it
is worthy of note that the legislature in the Motor Vehicle Act of May 1, 1929, P. L. 905, at page 968, and in
the preceding one of May 11, 1927, P. L. 886, at page
931, has provided that no vehicle shall carry any load
extending beyond the line of the fenders on the left side.

The judgment is affirmed.