Mahoney *v.* City of Pittsburgh, Appellant, et al.

Argued October 14, 1935. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Wm. A. Stewart, Jr.,* Assistant City Solicitor, with him *William D. Grimes,* for appellant.

*Henry X. O'Brien,* with him *Thos. M. Marshall, Jr.,* for appellee.

OPINION BY MR. JUSTICE LINN, November 25, 1935:

This appeal is from judgment on a verdict against the City of Pittsburgh for alleged negligent maintenance of a street. The condition of the street, plaintiff avers, caused the skidding of the car in which he was riding as a guest.

The plaintiff and seven other persons attended a dance in the City of Pittsburgh and, about 2:30 a. m., December 5, 1931, left the dance hall. They all crowded into a Ford Coupé (model of 1930), four in the front seat and four in the rumble. Prior to the accident two of the guests in the rumble left the car; when it occurred, four occupied the front seat. The driver testified that, as they got into the car, he said to them: " 'It is a little crowded here,' but they said, 'That will be all right.' " It was raining and misty. The driver testified that "the streets were very wet and it was very bad driving." The accident occurred sometime between four and five o'clock in the morning. As they reached a point where the road begins to curve to the left, the driver lost control of the car, which ran off the highway and struck a pole. He testified that he approached the turn at 25 to 28 miles an hour; "I could see it was all slippy, it was full of mud, and as I went to turn my car started to slide to the right: the back end started to slide over and it seemed like it hit something and it kept pulling me in because the street was beveled there, beveled in, and kept pulling me in, and I tried to straighten it up, but it wouldn't take hold and we slid to the pole."

It is common knowledge that the space on the front seat of such a car is slightly more than three and less than four feet, and that about one-half of it is designed to accommodate the driver and furnish him with sufficient room to manipulate the apparatus designed to control the course of the car. Leonard, one of the witnesses, who sat on the front seat, said he weighed 180 pounds and that one of the women sat on his knee with her back to the door. Another woman sat between Leonard and the driver. A driver must always have his car under reasonable control, though the measure of that duty may vary with circumstances; what is reasonable on a highway in the country may be unreasonable in built-up sections (Lorah v. Rinehart, 243 Pa. 231, 89 A. 967; McGettigan v. Quaker City A. Co., 48 Pa. Superior Ct. 602); the driver is affected by provisions of the Motor Vehicle Code providing rules for safe driving[1] (Jamison v. Kamerer, 313 Pa. 1, 169 A. 231; Farmer v. Nevin Bus Lines, 107 Pa. Superior Ct. 153, 163 A. 41; Stevenson v. Sarfert, 310 Pa. 458, 165 A. 225; Hegarty v. Berger, 304 Pa. 221, 155 A. 484); by the condition of the highway (Mason v. Lavine, 302 Pa. 472, 153 A. 754); and by the character of the load carried or the manner of loading: Dorris v. Bridgman & Co., 296 Pa. 198, 145 A. 827; Boyle v. Leech, 298 Pa. 188, 148 A. 70. In this case the crowding of the front seat would so impede and restrict the driver's freedom of motion as to make it impossible for

---

[1] The Vehicle Code of 1929, P. L. 905, in section 1001, P. L. 973, contains the following definition of reckless driving: "Reckless Driving.—Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following: . . . (b) If investigation into an accident arising from the use and operation of a motor vehicle discloses that the accident occurred due to the front seat of the motor vehicle having been occupied by more than three (3) persons: Provided, That this provision shall not apply to a motor vehicle, the front seat of which has been constructed to accommodate more than three (3) persons: And further provided, That there is sixteen (16) inches of seating capacity for each passenger or occupant so accommodated on said front seat."

him to act freely in such emergencies as must have been expected and actually occurred. This crowding not only deprived him of the room required to manipulate the steering wheel and control the course of the car generally, but put him at serious disadvantage in operating the gearshift and the brake. This impairment of the power of control, considered with the condition of the street, the poor visibility, and the corresponding necessity for a high degree of care, make it evident that the driver's negligence was a contributing cause to the accident.[2]

Plaintiff, though a guest, assisted in bringing about the crowded condition of the car. He was cognizant of the danger (he was an experienced driver) and was therefore likewise guilty of contributory negligence: Curry v. Riggles, 302 Pa. 156, 159, 153 A. 325, and cases there cited.

Judgment reversed and here entered for defendant.

---

[2] In Lorence v. Smith, 173 La. Ann. 883, 138 So. 872, in which a guest in a Ford Coupé sued the driver, the court said: "It is self-evident that the crowding of four grown people into the seat of a small car built to accommodate only two deprives the driver of the free use of both hands and arms, without which he cannot operate it efficiently and with safety." See, too, Frank v. Cohen, 288 Pa. 221, 226, 135 A. 624 (1927).