## Stefan, Appellant, *v.* New Process Laundry Company, Inc.

Argued April 29, 1936.    Before Kephart, C. J.,
Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*Frederick J. Shoyer,* with him *Kendall H. Shoyer* and
*Andrew C. Dana,* for appellant.

*H. Rook Goshorn* and *Harry S. Ambler, Jr.,* for appellee, were not heard.

Opinion by Mr. Justice Maxey, June 26, 1936:

This is an appeal from the refusal of the court below
to remove a nonsuit in an action of trespass.

On November 3, 1931, the plaintiff was sitting on
the tailboard of defendant's truck parked on the east
side of Randolph Street in the City of Philadelphia,
in front of the premises where plaintiff resided.  The
truck was facing south, and while the plaintiff was sit-
ting there another of defendant's trucks proceeded north
and stopped on the east side of Randolph Street about
five or six feet north of the first truck.  The driver of
this latter truck saw the plaintiff and spoke to him.

The driver then got off the truck and went into defendant's place of business, returned, cranked the truck which had inadvertently been left in gear, and the truck then moved in a backward direction and caught and injured the left foot of the plaintiff between the two trucks.

The witnesses for the plaintiff testified, as did the plaintiff himself, that the defendant company for a year or two prior to the date in question, had been in the habit of parking its trucks on both sides of Randolph Street at or near its place of business at all times of the day and night, and the people in the neighborhood continuously sat on all parts of the trucks and rested there without objection from any of the employees or officers of the defendant company. It was also testified that Louis Fisher, a director and secretary of the defendant corporation, had a short time before the accident in question said to plaintiff: "You can sit on the running board."

The trial judge entered a nonsuit on the ground that the plaintiff was a licensee and that since he was not injured by any wanton and wilful act on the part of defendant's employee, he had no cause of action. The law as to an owner's duty to a mere licensee is well settled.

In *Gillis v. Penna, R. R. Co.*, 59 Pa. 129, a man had been injured while on the station platform in Johnstown on September 14, 1866, as President Andrew Johnson's train was moving slowly past the station. A large crowd followed it and the platform gave away, causing death and injuries to many persons. Plaintiff was one of those injured. This court, speaking through Mr. Justice SHARSWOOD, said: "The platform was open; there was a general license to pass over it. . . . The plaintiff was on the spot merely to enjoy himself, to gratify his curiosity or to give vent to his patriotic feelings. . . . I am bound to have the approach to my house sufficient for all visitors on business or otherwise; but if a crowd

gathers upon it to witness a passing parade and it breaks down, though it may be shown not to have been sufficient even for its ordinary use, I am not liable to one of the crowd,—I owe no duty to him. . . . A person using by permission or sufferance the private property of another, takes upon himself the risks incident to it." Justice SHARSWOOD cites the English cases of *Lygo v. Newbold*, 9 Exch. 302, and *Hounsell v. Smith*, 7 C. B. N. S. 731. In the first case, "the plaintiff without the defendant's authority, but by the permission of his servant, rode in a cart along with some goods which the defendant had contracted to carry for her. The cart, being insufficient, broke down, and the plaintiff was injured. It was held she could not recover." In the second case, the judge who decided it said: "No right is alleged, it is merely stated that the owners allowed all persons who chose to do so, for recreation or for business, to go upon the waste without complaint; that they were not churlish enough to interfere with any person who went there. He must take the permission with its concomitant conditions, and it may be, perils."

The principle enunciated in the *Gillis* case has been consistently followed by the appellate courts of this State. See *Baltimore & Ohio R. R. Co. v. Schwindling*, 101 Pa. 258; *Ambler v. Phila. & Reading R. R. Co.*, 39 Pa. Superior Ct. 198; *Pietros et ux. v. Hecla Coal & Coke Co.*, 118 Pa. Superior Ct., 453, 180 A. 119.

The above and other opinions discussing an owner's liability to mere licensees refer to cases where the licensee is injured by some defect in the premises or on the personal property to which the licensee relates. Most of the cases refer to injuries on real property where a licensee has been exposed to perils unknown to him but which were known or should have been known to the owner-licensor. One may be a licensee on personal property such as a locomotive or a truck or, as in the English case of *Lygo v. Newbold* (supra), on a cart. But in those cases also, the injury which the courts

take cognizance of arise (as in the Lygo case) from the breaking down of the property or from some defect in the property, and not from some affirmative act of negligence done on the property.

The rule defining liability to licensees does not apply to a situation such as we have in the instant case. Plaintiff's injury was not due to any hidden defect in the truck. It was due to the fact that he placed himself in a position on the truck which proved to be perilous when another truck five or six feet away was suddenly started and crashed into him. This act on the part of defendant's servant was the proximate cause of plaintiff's injury. The question is: Did these facts give plaintiff a cause of action against defendant?

From the point of view of defendant, i. e., the owner of the two trucks, plaintiff was not a licensee; he was either *an invited guest or a trespasser*. If plaintiff had been sitting on the tailboard of the truck while the truck was in motion and had been injured by the carelessness of the defendant's employee, we would have a question precisely similar in its legal aspects to the question now before us. We have repeatedly held that the driver of an automobile is bound to exercise ordinary care to prevent harm to a guest whom he has invited to ride in his car: *Ferrell v. Solski,* 278 Pa. 565, 123 A. 493; *Knox v. Simmerman,* 301 Pa. 1, 149 A. 644; *Curry v. Riggles,* 302 Pa. 156, 153 A. 325.

But this is not a case where the victim of an accident is suing to recover *from the person whose alleged negligent act caused the injury complained of*. The suit is against that person's *employer*. In order to recover against the latter, plaintiff must show that he was on the truck at the obviously dangerous place where he was sitting, by the owner's invitation. In this respect the proof fails. The testimony that a director and secretary of the defendant corporation had "a short time before the accident" said to plaintiff "you can sit on the running board" falls short of the proof required,

even if we assume that a director and secretary (who *may* have had no executive authority) could bind the corporation in a matter of this kind. Permission given "a short time before" to sit on a truck's "running board" does not amount to permission to sit at a later date on a truck's tailboard. Permission given one day to sit on a locomotive's step would not warrant the permittee's loitering at a later day on the locomotive's cow-catcher. Nor would testimony that people of the neighborhood had "continuously rested on defendant's truck without objection" give the plaintiff the status of an invited guest of defendant company. This case is ruled by the case of *Hughes v. Murdoch Storage & Transfer Co.,* 269 Pa. 222, 112 A. 111, where we held that the driver of a storage and transfer truck permits or invites a boy fourteen years of age to ride upon the truck, and, when the boy is alighting, so negligently operates it, as to cause him a personal injury, the owner of the truck is not liable for the injury, in the absence of any proof that the act of the driver in permitting the boy to ride, was fairly within the scope of his employment. In such case the driver has no implied authority to permit boys to ride on the truck, and he acts beyond the scope of his employment when he does so. To the same effect is *Nelson v. Johnstown Traction Co.,* 276 Pa. 178, 119 A. 918. In the instant case there is no proof that defendant's driver, much less the defendant itself through its proper officers, invited plaintiff to sit on the tailboard of defendant's truck at or before the time he was injured. Therefore, the plaintiff bore to defendant company's truck, on the tailboard of which he sat, the relation of a trespasser. This court said in *Hojecki et al. v. P. & R. Ry. Co.,* 283 Pa. 444, 448, 129 A. 327: "The rule still holds that a defendant is not liable to trespassers, except for wanton and willful acts, unless he permits his property to be used as a playground for such length of time as to presuppose an invitation or permission to oc-

cupy the premises in this manner: *Fitzpatrick v. Penfield*, 267 Pa. 564 [109 A. 653]."

Appellant cites the case of *Gawronski v. McAdoo*, 266 Pa. 449, 109 A. 763. There this court reiterated the doctrine that where a railroad company permits its yards or tracks to be used as a playground for children, the corporation is required to operate its rolling stock with due care to avoid injuring such children, and the ordinary rule, as to the limited measure of duty owing to trespassers, is inapplicable. That doctrine was expressed in *O'Leary v. Pgh. & Lake Erie R. R. Co.*, 248 Pa. 4, 9, 93 A. 771, as follows: "The defendant company had the right to insist on the exclusive use of its tracks, and any person, infant or adult, going upon them would be a trespasser, yet when constant use for many years had been made of them by the children of the community as a playground with the defendant's knowledge and tacit acquiesence, the rights and duties of the parties changed and those using the tracks under such circumstances cannot be regarded as trespassers to whom the company owed only a duty as such."

The instant adult plaintiff who was injured after sitting twenty or thirty minutes on the tailboard of defendant's truck cannot expect to be judicially clothed with the status of a child gamboling on a de facto playground. It would require unwonted judicial liberality to stretch the law applicable to playgrounds for children, to tailboards for adults to loiter on, and even if that wide legal gap were judicially bridged, the record here is deficient in proof that defendant permitted the tailboards of its trucks to be so used for such length of time as to presuppose an invitation or permission to occupy them.

While it is not necessary to our decision, we suggest that to sit long on the tailboard of a truck parked in the public street of a city, with other vehicles presumably passing frequently, and with another truck parked only five or six feet away in a direct line from the tailboard where plaintiff was perched, the second truck being sub-

ject to sudden movement if struck by moving vehicles, or being otherwise set in motion, inclines one's mind to the conclusion that he who selected this tailboard as a place for a half an hour's repose, was inviting injury. This court has recently held that for a plaintiff to be one of four persons sitting in the front seat of a moving automobile is to make him "cognizant of danger" and therefore guilty of contributory negligence. See *Mahoney v. Pgh.*, 320 Pa. 44, 181 A. 590.

The judgment is affirmed.