## McClelland et ux. *v.* Copeland, Appellant.

Argued October 4, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Robert M. Dale,* with him *Wilson & Fitzgibbon,* for appellant.

*R. T. Mutzabaugh,* with him *Nash & Mutzabaugh,* for appellees Nos. 199 and 200.

*W. D. Gallup,* with him *F. D. Gallup, E. G. Potter, Gallup, Potter & Gallup* and *Nash & Mutzabaugh,* for appellees Nos. 132 and 133.

OPINION BY MR. JUSTICE JONES, January 6, 1947:

The question of chief importance raised on these appeals is whether the presence of four persons on the front seat of an automobile constitutes negligence *per se* which bars them, as a matter of law, from recovering for injuries allegedly suffered through the negligence of others in an accident wherein the automobile, in which the former were so riding, was involved.

In the late afternoon (about six-thirty) of September 4, 1944, D. R. McClelland, one of the appellees, was driving a Chevrolet "pick-up" truck, owned by himself and wife, eastwardly on Route 59, an improved State highway, about two miles east of the Warren-McKean County line. He had as guests his sister-in-law, Mrs. Edith M. Anderson, her daughter aged fifteen and her son aged nine. All four of the above-mentioned persons occupied the front seat of the truck. McClelland was

sitting on the left-hand or driver's side of the seat, the girl beside him and, next to her on the right-hand side, Mrs. Anderson, who was holding the boy on her lap. At the same time, a Nash sedan, owned by Ellison Copeland, the appellant, but driven by one Mary Bowler, was proceeding westwardly on Route 59 in the same locality. Copeland, who was a passenger in the sedan, was sitting on the front seat beside the driver. While of no present moment, three other passengers occupied the rear seat of the sedan. Rain was falling and the surface of the highway was wet and very slippery.

The McClelland truck was proceeding on the right-hand side of the highway at a speed of approximately thirty miles an hour. The Copeland sedan, approaching from the opposite direction, was travelling at a speed variously estimated at from thirty to fifty miles an hour. When the two automobiles had come within one hundred and twenty feet of each other, the Copeland car, then being on a curve, went out of the control of its driver and began to "sashay", "skid" and "zigzag" in a generally forward direction on the highway. McClelland, upon seeing the action of the sedan, immediately applied the brakes on his truck and steered it to the extreme right-hand side and partially off the road. When the truck had about come to a stop with its right-hand wheels on the berm two feet off the paved portion of the road, the sedan crashed into the front of the truck with resultant injuries to the occupants of the truck and damages to the truck itself. A drop-off of the berm-bank of several feet rendered it unsafe for McClelland to drive his truck further off the road on the right than what he did.

From the above-described occurrence two suits eventuated,—one by McClelland and his wife against Copeland for damage to the truck and for McClelland's claim for personal injury to himself and the other by Edith M. Anderson against Copeland for injury to herself

and, as guardian of her minor children, for injuries to each of them. In the McClelland suit, Copeland counterclaimed and, in the Anderson suit, he joined McClelland as an additional defendant. The cases were tried and submitted together and resulted in separate money verdicts (1) for McClelland, individually, (2) for himself and wife, (3) for Edith M. Anderson, individually, and (4) for Edith M. Anderson as guardian of her daughter. In the case of the Anderson claims, the jury's verdicts were also in favor of the additional defendant; and, on the claim of Edith M. Anderson, as guardian of her minor son, the verdict was for the original defendant as well. Copeland filed motions for new trial and for judgments n. o. v. which the court below refused. From the judgments entered on the verdicts for the plaintiffs, as above specified, Copeland brought the present appeals which were consolidated for argument in this court.

The assignments of error, based on the lower court's refusal of the appellant's motions for new trial, lack merit and will be overruled without extended discussion. None of the reasons advanced in support of the new trial motions rests upon any substantial basis for complaint. The trial court's instructions with respect to damages for pain and suffering, when read in the full context, could not have misled the jury as to the amount legally allowable for that item. Nor can the verdict in favor of Mrs. Anderson, individually, be rightly said to be so excessive as to justify appellate court reversal on that ground. The amount of the assailed verdict neither shocks our sense of justice nor did its approval by the court below constitute an abuse of discretion: *Tyler v. Pittsburgh Railways Company*, 343 Pa. 179, 181, 22 A. 2d 738; *Mashinsky v. Philadelphia*, 333 Pa. 97, 105-106, 3 A. 2d 790. Finally, the lower court's refusal of the appellant's motion for a continuance of the trial because the Anderson suit had been put at issue before

the additional defendant's time for answer had expired did not prejudice the appellant. The additional defendant had expressly waived his right to answer and had urged that the trial be proceeded with without further delay. The motions for new trial were, therefore, properly denied.

The appellant's main contention is that, under Sec. 1001, para. (b), of the Vehicle Code of May 1, 1929, P.L. 905, as amended (75 P.S. § 481), and this court's decisions in *Mahoney v. City of Pittsburgh,* 320 Pa. 44, 181 A. 590, and *McIntyre v. Pope,* 326 Pa. 172, 191 A. 607, the mere presence of more than three persons on the front seat of a motor vehicle alone convicts them of negligence *per se* which operates automatically to bar them from recovering for injuries allegedly sustained through the contemporaneous negligence of others. It was on that basis that the appellant requested binding instructions at trial and, thereafter, moved for judgments n. o. v. It should be noted, in passing, that the appellant's contention does not contemplate the imputation of negligence to the nine year old boy. His rights are no longer involved in the litigation. After the trial court had refused the appellant's request for binding instructions, the jury found for both defendants (original and additional) in regard to the claim for the boy minor.

The provisions of the Vehicle Code relied on by the appellant read as follows:

"Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following:

\* \* \* \* \* \*

"(b) If investigation into an accident arising from the use and operation of a motor vehicle discloses that the accident occurred due to the front seat of the motor vehicle having been occupied by more than three (3) persons: Provided, That this provision shall not apply to a motor vehicle, the front seat of which has been con-

structed to accommodate more than three (3) persons: And further provided, That there is sixteen (16) inches of seating capacity for each passenger or occupant so accommodated on said front seat."

There was evidence in the instant case that the seat of the truck was forty-six inches wide along the front edge and widened out to fifty-two inches across at the back. The girl passenger weighed one hundred and two pounds and the boy, sixty-eight pounds. The trial judge, upon pointing out that "Only two of those persons [on the front seat] were adults", instructed the jury to "take into consideration the size of the persons who occupied that seat", specifically charging that "the mere fact that there were four people on the front seat of the truck does not, in itself, constitute negligence, as applied to the case before you". The court also left it to the jury to decide "whether the evidence discloses that the accident occurred due to the front seat of the motor vehicle being occupied by more than three persons. . . . Did that contribute to the accident, the fact that there were more than three people on the front seat of the motor vehicle?" We think the action of the learned court below in such regard was unexceptionable.

Under the terms of the Vehicle Code, as above-quoted, it is only where *an accident* resulting from the use and operation of a motor vehicle "occurred *due* to the front seat of the motor vehicle having been occupied by more than three (3) persons" (emphasis supplied) that such use and operation *constitutes* reckless driving as a legal consequence. Obviously, the statute contemplates as a prerequisite to a finding of "reckless driving" a causal connection between the number of persons (more than three) occupying the front seat of a motor vehicle and an accident involving the vehicle. In no other way has the legislature proscribed the occupancy of the front seat of a motor vehicle by more than three persons. Nowhere in the Vehicle Code is there a positive restriction or

mandate with respect to the permissible number of occupants of the front seat of an automobile. The section in question does not, therefore, present the type of "mandatory provision of the law", a violation whereof automatically constitutes an act of negligence *per se*: cf. *Jinks v. Currie*, 324 Pa. 532, 537-538, 188 A. 356. Nor has the section been construed as having such effect.

Nothing that was said in the *Mahoney* case, supra, furnishes support for the present appellant's contention. In that case, "the driver lost control of the car . . ." because "the crowding of the front seat [by four occupants] . . . so impede[d] and restrict[ed] the driver's freedom of motion as to make it impossible for him to act freely in such emergencies as . . . actually occurred". It was accordingly held (p. 47) that "This impairment of the power of control, *considered with* the condition of the street, the poor visibility, and the corresponding necessity for a high degree of care, make it evident that the driver's negligence was a contributing cause to the accident". (Emphasis supplied). As the plaintiff in the *Mahoney* case (a guest) "assisted in bringing about the crowded condition of the car" and, as an experienced driver, "was cognizant of the danger", he was "likewise guilty of contributory negligence". But, plainly enough, this court did not hold in the *Mahoney* case that the plaintiff was guilty of contributory negligence as a matter of law merely because he was one of four persons occupying the front seat of the automobile involved in the accident there in question. Indeed, the cognate provision of the Vehicle Code was cited only incidentally in the *Mahoney* case as furnishing a standard of "safe driving" by which the question of a driver's negligence may be judged. And, such, precisely, was the import impliedly ascribed to the *Mahoney* decision by the Superior Court in *National Bond and Investment Company v. Gill*, 123 Pa. Superior Ct. 341, 348, 187 A. 75.

In the *Gill* case, supra, it appeared (pp. 347-348) that "During the trial there was uncontradicted evidence to the effect that four persons were riding in the front seat of appellant's car at the time of the accident. The trial judge, after quoting the provisions of the Motor Vehicle Code relative to the occupation of a front seat by more than three persons and referring to the provision that a passenger seat is defined as sixteen inches of space, continued: 'Now, there is nothing in the law that says that the mere fact that you have four persons on a seat, contrary to the law, constitutes negligence; but it is a factor to be taken into consideration by you in deciding whether or not this car operated by Gill was operated in a negligent manner. It is not negligence in and of itself, even though it may have been contrary to the law; it is a factor to be taken into consideration.' " In the opinion for the Superior Court, the late Judge Cunningham, after observing that "It is apparent that the statute was merely referred to [by the trial court] as a standard of care by which negligence might be judged", held that "Under the recent case of Mahoney v. City of Pittsburgh . . . , the [above-quoted] instruction was unobjectionable".

As to *McIntyre v. Pope,* supra, the appellant cites certain language in the opinion in that case as laying down a rule that the presence of more than three adult persons on the front seat of an automobile alone makes them guilty of contributory negligence as a matter of law. But, when the language just referred to is read in full with its own specified qualifications, it is at once evident that the necessity of a causal connection between the overcrowding of the front seat of an automobile and an ensuing accident, in which the car is involved, is implicit in the opinion in the *McIntyre* case. See the following at p. 174: "Where more than three *adult* persons sit in the front seat of an automobile, *thus overcrowding it and restricting the driver's free-*

*dom of action to exercise necessary control in the event of emergencies,* and *injury results,* those *overcrowding* the front seat are guilty of contributory negligence as a matter of law." (Emphasis supplied). That we have correctly interpreted the meaning of the *McIntyre* case is further confirmed by the fact that the *Mahoney* case, whose intended limitations we have already seen, was cited as authority for the above statement in the *McIntyre* case. Moreover, if the occupancy of the front seat of a motor vehicle by more than three persons was to be thought to constitute negligence *per se,* even though an ensuing accident was in no wise due to the presence of the occupants on the front seat or due to any lack of care by the driver, then it was without point for this court to say in the very next sentence in the *McIntyre* case (p. 174) that *"Where the accident is caused by failure to exercise due care in the operation of the car* it is not necessary to show that overcrowding was the proximate cause." (Emphasis supplied).

In *Purol, Inc., v. Great Eastern System, Inc.,* 130 Pa. Superior Ct. 341, 343, 197 A. 543, the late President Judge KELLER construed the *McIntyre* and *Mahoney* cases, supra, as holding that *"when an accident results from the manner in which a motor vehicle is operated,* the fact that, contrary to the provisions of the statute [Sec. 1001 of the Vehicle Code], the front seat of the car had been occupied by more than three persons constituted such contributory negligence as to bar a recovery". (Emphasis supplied). As was also there stated, what the law conclusively infers in the given circumstances is that "the unlawful crowding [of the front seat] *contributed to the failure to exercise due care in the operation of the car".* (Emphasis supplied). In the *Purol* case, the plaintiff's failure to place flares, as required by the Vehicle Code, to warn others of his stalled truck, then partly on a highway, although constituting a violation of the statute, was not negligence

*per se* because the plaintiff's failure in such regard was not the *efficient* or *contributing* cause of the accident there involved.

In the earlier decision by this court in *Lane v. E. A. Mullen, Inc.,* 285 Pa. 161, 131 A. 718, the plaintiff was held not to be guilty of contributory negligence as a matter of law merely because the headlights of his automobile were admittedly inadequate to supply the illumination expressly required by the specifications of the Motor Vehicle Act of 1923. The contention as made by the appellant in that case is so substantially similar to the appellant's contention in the instant case as to make the words of former Chief Justice (then Justice) SCHAFFER in the *Lane* case at p. 164 peculiarly apposite, viz., "Appellant's counsel, in part of their printed brief, as we understand it, contend for the proposition that plaintiff's noncompliance with the act of assembly prevents his recovery, even though it may be concluded that with lights in accord with the law the collision might have taken place. We cannot lend assent to this position. *Where, as here, the determination is that the failure to heed the statute did not bring about the result complained of, the statute drops out of the factors to be considered. The general principle is that the violation of a statute will not create a liability where it is not the efficient cause of the injury:* Thompson on Negligence, vol. 1, section 82; [cases cited]." (Emphasis supplied).

The illuminating passage in Thompson on Negligence referred to in the citation in the *Lane* case, supra, was approvingly noted in the *Purol* case where it was quoted from (pp. 344-345) as follows: "The mere fact that the plaintiff on the one hand, or the defendant on the other, was engaged in violating the law in a given particular at the time of the happening of the accident, will not bar the right of action of the former, nor make the latter liable to pay damages, *unless such violation of law was an efficient cause of the injury*". (Emphasis supplied).

Under the evidence in the instant cases, the trial court could not justifiably have ruled as a matter of law that the collision was due to negligent operation of the McClelland truck. Consequently, whether the presence of four persons on the front seat of the truck was an efficient or contributing cause of the collision was necessarily for the jury to determine in the circumstances. The defendant's motions for judgments n. o. v. were therefore rightly denied.

The judgments are affirmed.