Winner *v.* Greenleaf et al., Appellants.

Argued October 9, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Donald A. Gallager*, with him *Joseph H. Cochrane*, for defendant, appellant.

*Robert W. Honeyman*, with him *Edward B. Duffy*, for plaintiff, appellee.

*Edward M. Hawes* and *Harold S. Spencer,* for additional defendant, appellee.

OPINION BY RENO, J., November 12, 1947:

On this appeal by defendant from a judgment in an action of trespass arising out of an automobile collision only one point requires discussion. Defendant was the owner of the truck which collided with the automobile in which plaintiff was riding as a guest-passenger with three other adults on the front seat. The original defendant, appellant here, summoned the driver of the passenger car as an additional defendant and also counterclaimed against him. The jury found for plaintiff against appellant and exonerated the additional defendant. The questions of defendants' negligence and plaintiff's contributory negligence were clearly for the jury, and the court below properly refused appellant's motions for judgment n. o. v. and for a new trial.

The Vehicle Code of May 1, 1929, P. L. 905, §1001, as amended, 75 PS §481, provides in part: "Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following: . . . (b) If investigation into an accident arising from the use and operation of a motor vehicle discloses that the accident occurred due to the front seat of the motor vehicle having been occupied by more than three (3) persons: Provided, That this provision shall not apply to a motor vehicle, the front seat of which has been constructed to accommodate more than three (3) persons: And further provided, That there is sixteen (16) inches of seating capacity for each passenger or occupant so accommodated on said front seat." There was an investigation of the accident by a state policeman who instituted a prosecution against the driver of the automobile in which plaintiff was riding to which the driver pleaded guilty. This, appellant argues, established plaintiff's contributory negligence as a matter of law.

The Supreme Court recently examined the above section in *McClelland v. Copeland*, 355 Pa. 405, 50 A. 2d 221, and concluded: "Obviously, the statute contemplates as a prerequisite to a finding of 'reckless driving' a causal connection between the number of persons (more than three) occupying the front seat of a motor vehicle and an accident involving the vehicle. In no other way has the legislature proscribed the occupancy of the front seat of a motor vehicle by more than three persons." (p. 410) . . . "Consequently, whether the presence of four persons on the front seat of the truck was an efficient or contributing cause of the collision was necessarily for the jury to determine in the circumstance." (p. 415). This question was explicitly submitted to the jury in a charge to which no exception was taken, and the jury resolved the contention of contributory negligence arising out of the presence of four persons on the front seat in favor of plaintiff.

Appellant seeks to distinguish the instant case from the *McClelland* case by the circumstance that here there actually was an investigation by a state policeman and a conclusion by him, evidenced by the prosecution, that the collision was due to the presence of more than three persons on the front seat. He argues: "It was the state police investigation—not the mere presence of four in the front seat—which established plaintiff's contributory negligence, and which should have been held to bar her case from going to the jury."

The short answer is that there is not the slightest indication in the section of the legislature's intention to foreclose by police investigation judicial inquiry into the question of the causal connection between the violation and the injury, or to substitute the conclusion of a state policeman for the deliberate judgment of a judge and jury. The statute does not invest a policeman or other prosecutor with judicial power, nor does the conviction of a driver for reckless driving bar a passenger from pursuing a civil remedy. As pointed out in the

*McClelland* case, p. 411, the legislature might have enacted a mandatory provision under which a violation of the statute would constitute negligence per se, but it has not done so.

Having thus demonstrated the legislative intention there is no occasion for suggesting a grave constitutional objection which may also invalidate appellant's contention. It is at least doubtful whether the legislature possesses power to create a conclusive presumption of contributory negligence founded upon nothing more substantial than a policeman's investigation and his finding of culpability. For a lucid exposition of the principle by Mr. Justice, now Chief Justice, MAXEY, see *Rich Hill Coal Co. v. Bashore,* 334 Pa. 449, 472, 7 A. 2d 302.

Judgment affirmed.